# Meckes *v.* Pocono Mountain Water Supply Company, Appellant.

*Practice, C. P.—Trial—Absence of defendant.*

Where a case is regularly on the trial list and the rules of court have been complied with, the plaintiff is within his rights in demanding trial notwithstanding the absence of the defendant and the defendant's counsel, and the court is right in proceeding. It is not necessary for the court in its charge to refer to defendant's absence, but it is not error to do so as a matter of explanation for the satisfaction of the jury.

*Practice, C. P.—New trial—Reduction of verdict.*

The action of the court in putting the plaintiff to the choice between a new trial and a reduction of the verdict cannot be assigned as error by the defendant, inasmuch as it does him no harm; nor is such action an arbitrary or improper use of discretion.

Argued March 19, 1902.   Appeal, No. 36, Jan. T., 1902, by defendant, from judgment of C. P. Monroe Co., Sept. T., 1900, No. 12, on verdict for plaintiff in case of Frank P. Meckes v. Pocono Mountain Water Supply Company.   Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Appeal from award of viewers.

At the trial neither the defendant nor his counsel appeared.

The court charged in part as follows:

[We find upon this trial list that it (defendant) has an attorney who has entered his name just like any other attorney would do in any particular case, a gentleman and lawyer living at Scranton. He is not here. You have learned from the evidence that this case has been on the trial list for a number of terms and that at last court it was continued because of the amount of business that preceded it, and representatives of this company, the president and treasurer, if we recollect right, were here, and they were informed by counsel in reference to this case. You have that testimony. Then you have the testimony of the newspaper men, who tell you that the jury list was published for this week, and notice was given by these different newspapers, that Mr. A. Frothingham, the president of this company, living at Scranton, is a subscriber to the Monroe Democrat, and that paper has been regularly sent to him just like it is to any other subscriber. Now, we were particular about this, as you will have noticed, to be convinced in our minds that this defendant had notice of the time of this trial, because if it would have appeared to us that this defendant had no notice of the time of trial here, why we should have continued this case. When a defendant's case is upon the trial list and the officers of a corporation like this have notice that the case is on the trial list, has been for a number of terms, and when they have notice as we must conclude, of the fact of this case being upon the trial list at this term, if they refuse to come, that is their privilege; notwithstanding, it is a matter to be regretted by the court, because so far as the court is concerned, the court desires that every party should have a full and fair opportunity to try his case, and it was for this reason that we were so particular about inquiring in reference to the notice that this defendant had, so that there should be no doubt in our mind that the defendant could have had the opportunity, and could have been here to try this case if it had a defense to this proceeding. It is not here. The plaintiff has offered the evidence. The plaintiff is not to blame in this matter. He is entitled to have his case tried; entitled to have his hearing at the proper time. If the defendant chooses to stay away from

this court here, that is its own matter, its own concern, and it is simply that we regret that it is not here to have its case represented in order that there might be no blame attached to any one in relation to the trial of this case.] [4]

Verdict for plaintiff for $3,000. A rule for a new trial was discharged on condition that the plaintiff should remit $1,000 of the verdict. This was done and judgment was entered for $2,000. Defendant appealed.

*Errors assigned* among others were (4) portion of charge as above; (6) that the court abused its discretion in not granting a new trial.

*C. Comegys*, with him *Willard, Warren & Knapp*, for appellant.

*Wilton A. Erdman* and *Charles B. Staples*, for appellee, were not heard.

OPINION BY MR. JUSTICE MITCHELL, May 19, 1902:

The case was tried by the court below in the absence of the defendant and its counsel, but it was regularly on the trial list, and the requirements of the rules of court had been complied with even if the defendant had not notice in fact of the date of trial, though it appears probable that it had. The plaintiff therefore was within his rights in demanding trial and the court in proceeding. It was not necessary for the court in its charge to refer to defendant's absence, but it was not error to do so as a matter of explanation for the satisfaction of the jury.

The verdict was for $3,000, but the court put the plaintiff to the choice between a new trial and a reduction of the verdict to $2,000, and the plaintiff accepted the latter alternative. It is now complained by appellant that this action was irregular and an abuse of discretion, because there was no evidence in the case suggestive of that amount.

It would be sufficient answer to this, that it does not appear how the appellant was hurt by it. The amount fixed by the court was lower than the lowest valuation of the land testified to before the jury. The verdict was in accordance with the evidence, and the court might have let it stand without error.

The reduction to $2,000, therefore, even if it had been arbitrary, would have been in appellant's favor, and not assignable by him for error as it did him no harm.

·But it was not an arbitrary or improper use of discretion. The jury at the trial had a right to regard the valuation by plaintiff's witnesses as excessive, and might have given a verdict for a smaller sum in accordance with their own estimate. On the rule for a new trial the court had the same right to scrutinize the testimony, especially after a trial in the absence of defendant, and to put the plaintiff to his election to reduce the verdict or go to trial again before a new jury. In fixing the amount at $2,000, just as the jury might have done, the judge no doubt had in his mind a valuation based on the· whole case, and that it was very nearly or quite correct is fairly inferable from its acceptance by the plaintiff.

Judgment affirmed.