Silberman *v.* Ratner et al., Appellants.

Argued October 27, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*H. Lee Ratner,* for appellant.

*Benjamin Diamond,* for appellee.

Opinion by Baldrige, J., December 26, 1931:

This is an appeal from an order of the court of common pleas of Allegheny County, refusing to open a judgment.

On April 6, 1929, H. Silberman, doing business as the Used Car Sales & Service Company, leased a Packard automobile to the appellants, which lease was assigned to the Automobile Finance Company. Lessees, on May 6, 1929, defaulted in the payment of their monthly rental installment, and on May 27, 1929, the plaintiff caused a writ of replevin to be issued. The sheriff took possession of the car but, upon a counter-bond being filed, delivered the car to Harry L. Ratner, one of the appellants.

A trial was had in the absence of the defendants and a verdict rendered for the plaintiff and judgment entered on the verdict. The appellants contend that there was an oral agreement of counsel, stipulating that the case would not be tried without plaintiff's counsel notifying Harry L. Ratner, Esq., a member of the Allegheny County bar, who is the defendant and counsel, of the date of the trial. This agreement cannot be recognized as enforceable. Under a rule of the common pleas court of Allegheny County, the agreements of counsel must be in writing; otherwise, they shall be considered of no validity. It would, indeed, be a very unwise and troublesome precedent for the court to determine disputed verbal understandings of this character and it would be contrary to the views we have heretofore expressed in Emademe v. Weadick, 69 Pa. Superior Ct. 369. This case was on the list for the week of January 19, 1931, and appeared on the daily list, Friday, January 23d. In justice to counsel for appellee, there was evidence that when the case was on the first call, he did not insist immediately for a trial. He first endeavored to inform counsel on the other side that the case was on call, but was unable to learn of his whereabouts. When the case was called the second time, the clerk, at his request, tried unsuccessfully to locate opposing counsel. The rules of the Allegheny County court provide

that when a case is on the daily trial list, it must be tried, non pros entered, or, for cause shown, continued. In such circumstances, the plaintiff was within his right in demanding a trial, notwithstanding the absence of defendants: Meckes v. Pocono Mountain Water Supply Co., 203 Pa. 13. The action of the court was neither abitrary nor improper; it was but the exercise of authority in conformity with its rules. Compliance with rules made to advance the orderly administration of justice cannot be said, in the present situation, to be an abuse of judicial discretion.

There is no merit to the contention that the Automobile Finance Company, and not the appellee, was the proper plaintiff. Silberman had title to the car when suit was brought, as there was a reassignment of the lease from the Automobile Finance Company. The fourth paragraph of plaintiff's reply to the affidavit of defense avers that. the plaintiff was compelled to repurchase the lease upon the appellants' default; furthermore, the finance company has filed a disclaimer.

We find no such meritorious circumstances present which call for equitable relief. Judgment affirmed.