## Feustman v. Lamb

*R. Winfield Bailey*, for plaintiff; *Henry W. Savidge*, for defendant.

MacDade, J., June 24, 1932.—The above action in trespass was put at issue on January 2, 1932, was ordered on the trial list on January 28, 1932, and the attorney for the defendant was so notified by letter dated January 29, 1932. The case appeared on the printed trial list for the March, 1932, term of court, being No. 172 on said list. At the call of the civil list on Friday, April 15, 1932, the case was assigned for trial for Thursday, April 28, 1932. The attorney for the defendant was so notified by letter dated April 18, 1932. When the case was reached on the day of the trial, the plaintiff was present, together with his witnesses, but neither the defendant nor her attorney could be found. The court declared a recess after the jury had been selected to enable court officers to locate the defendant, and the names of the defendant and her attorney were duly called in all of the courtrooms. When court reconvened after the recess, the plaintiff was directed to proceed to trial. He presented his evidence; the court charged the jury, and it returned a verdict in favor of the plaintiff for the amount claimed, to wit, $98, and in favor of the plaintiff on the defendant's counterclaim. After the trial, the defendant filed a motion for a new trial with reasons therefor, the chief of which was as follows:

1. By reason of misinformation received by the attorney for the defendant, about 9.30 A. M., April 28, 1932, with respect to cases on trial and cases for trial ahead of that of defendant for that morning, the attorney for defendant and the defendant and her witnesses did not reach the court until her case, which had been tried in her absence, had been given to the jury.

2. The affidavit of defense and counterclaim in this case were filed in good faith, and the defendant and her witnesses would have been able to establish the complete lack of negligence upon her part and gross negligence upon the part of the plaintiff and would have been able fully to sustain her affidavit of defense and counterclaim.

3. The defendant, therefore, submits to your honorable court that, if the verdict for the plaintiff which was rendered ex parte in this case is allowed to stand, she will suffer great injustice and injury, and, therefore, moves that a new trial may be granted.

Rule 217 of the rules of court of this county is as follows: "When a case is called for trial, if one party is ready and the other is not, or is absent without a satisfactory excuse being known to the court, a nonsuit may be entered on motion of the defendant, or the plaintiff may proceed to trial."

Primarily, the granting of a new trial rests solely in the sound discretion of the court, but the court will not usually exercise this discretion unless good and sufficient reasons are shown why a new trial should be granted. Consequently, it has been generally held that the absence of one of the parties to a suit, without a good excuse, will not warrant a new trial.

In Dansenberg *v.* Touch et al., 30 Lack. Jur. 47, the court held that the absence of the defendants will not warrant a new trial where the defendants were aware of the time fixed for trial and had taken it for granted that the case would not be tried in their absence.

In Botek et al. *v.* Langcliffe Collieries, 31 Lack. Jur. 69, a motion was made for a new trial, and one of the reasons assigned was that the defendant had no notice that the case was on the list for trial. Here the court said:

"So far as concerns the lack of timely notice, the question, if any, is personal to the defendant and its attorney of record. . . . That defendant was at all times represented by the attorney who had formally appeared is not denied, but on the contrary distinctly affirmed. . . . They [the plaintiffs] are in no sense at fault for the matters now complained of. It would be no small hardship if they were obliged to prepare and journey here again for trial in order to relieve defendant from detriment, if any it has suffered, for which its agent and attorney alone is responsible. The motion is therefore denied."

In Bodenstein et al. *v.* Dunning et ux., 17 D. & C. 246, our colleague, Judge Broomall, said:

"The only reason advanced in support of the pending motion is that her attorney assumed that the case would not be tried and, therefore, did not subpœna or have present any witnesses who could have testified in her behalf. It is not suggested that they were in any manner misled by anything that was done by the court or by counsel for plaintiffs, and their own misapprehension, which is chargeable entirely to themselves, is not a sufficient reason for granting a new trial."

See, also, Overdorf *v.* Colland, 17 Westmoreland L. J. 70, which holds that it is within the discretion of the court to grant a new trial, notwithstanding entry of judgment. However, the latest expression upon this subject is that of the Superior Court in Silberman *v.* Ratner et al., 103 Pa. Superior Ct. 424, which holds that a judgment, entered on verdict after trial 'in absence of defendant and his attorney, will not be opened on the ground that there was an oral agreement by counsel for plaintiff that the case would not be tried without notifying defendant's counsel, where it appears counsel for plaintiff tried unsuccessfully to locate defendant's counsel and court rules provide that agreements between counsel will not be recognized unless in writing.

The rules of our court provide that when a case is on the daily trial list it must be tried, non pros. entered, or, for cause shown, continued: Meckes *v.* Pocono Mountain Water Supply Co., 203 Pa. 13.

We do not feel, under the circumstances of the instant case, that the court's action was either arbitrary or improper; nor would it be an abuse of discretion in the exercise of such authority to refuse now the motion for a new trial.

Compliance with rules made to advance the orderly administration of justice cannot be said, in the present situation, to be an abuse of judicial discretion.

Furthermore, the plaintiff evidently instituted this action in good faith, and, from the testimony of a wholly disinterested witness (who appeared at the trial) of the automobile accident, which is the basis of this action, it is apparent that the negligence involved was solely on the part of the defendant, and that the plaintiff acted with the due care and caution necessary under the circumstances and as any other prudent person would have done.

We, therefore, find no such meritorious circumstances present which call for equitable relief; hence, the following order:

And now, June 24, 1932, the motion for a new trial in the above case coming on to be heard by the court en banc, together with briefs, after due consideration thereof the court doth order and decree that the said motion of the defendant, Louise Lamb, for a new trial be and is hereby dismissed sec. reg. et sec. leg.; and, further, the prothonotary be and is hereby ordered and directed to enter judgment in favor of the plaintiff, Charles K. Feustman, and against the defendant, Louise Lamb, upon the verdict as herein.

From William A. Toal, Media, Pa.