Lucia *v.* Prudential Insurance Co. of A., Appellant.

324

Argued March 14, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Arthur H. Hull,* and with him *George Ross Hull* of *Snyder, Miller, Hull & Hull,* and *Caleb S. Brinton,* for appellant.

*E. M. Biddle, Jr.,* and with him *S. S. Rupp* and *W. A. Kramer,* for appellee.

Opinion by Trexler, P. J., July 13, 1934:

This is an action of assumpsit. Summons was issued on August 15, 1932, and a general appearance was entered for the defendant August 22, 1932. By praecipe dated January 3, 1933 judgment was taken for want of an affidavit of defense, judgment being entered as of that date; although there is some ques-

tion as to whether the prothonotary received the praecipe then or on the following day. On January 9, 1933, a rule to show cause why the judgment should not be opened was entered, and after depositions were taken and the case argued, the court discharged the rule. The question before us now is whether the court abused its discretion in so doing. In order to pass upon this question we must review what happened between the issuing of the summons and the taking of the judgment. On September 24, 1932, plaintiff's counsel, at the instance of defendant's counsel, orally agreed that the time for the filing of an affidavit of defense might be extended for a few days. During October, 1932, there were negotiations relative to having the plaintiff go to Philadelphia for a physical examination. In the latter part of November, defendant's counsel was told that the plaintiff would go to any convenient place, but not to Philadelphia. On December 27, 1932, plaintiff's counsel told defendant's counsel that they wished to have the case tried in February, 1933, if an affidavit of defense was filed, and that December 31st was the latest date on which the case could be placed on the trial list. Defendant's counsel told plaintiff's counsel that the affidavit of defense would be prepared and filed promptly. On January 2, 1933, defendant's counsel telephoned to plaintiff's counsel that he would have a copy of the affidavit of defense in his hands the next day. It did not arrive, none having been prepared. On the afternoon of January third the praecipe for judgment was placed in the prothonotary's office. An affidavit of defense was finally sworn to on January 15, 1933.

The decision of the matter was with the lower court. As the court points out this is not a case of mistake or oversight of counsel for the defense knew that it was necessary for them to file an affidavit of defense. All the matters that passed between the opposing

counsel were by word of mouth. The court evidently took the version of the plaintiff's counsel as correct, that there was a definite agreement that the affidavit would be furnished and filed at a certain time. Counsel for the defendant has himself to blame for making a promise that he did not carry out, assuming one was made. The court, however, did not base its decision upon that view. We quote from the opinion of the lower court: "But even if the oral agreement had extended the time for filing an affidavit of defense for a definite period, and even if, in violation thereof, judgment by default had been entered, we could not recognize such an agreement, for Rule 28 of our Rules of Court provides: 'No agreement of counsel touching the business of the court will be recognized unless in writing.' As was said in Silberman v. Ratner, 103 Pa. Superior Ct. 424, where defendant relied on an oral agreement between counsel and the rules of court provided that agreements of counsel are not enforceable unless in writing: 'It would be very unwise and troublesome precedent for the court to determine disputed verbal understandings of this character ...... The action of the court (in refusing to open judgment) was neither arbitrary nor improper; it was but the exercise of authority in conformity with its rules. Compliance with rules made to advance the orderly administration of justice can not be said, in the present situation, to be an abuse of judicial discretion.' " See Emademe v. Weadick, 69 Pa. Superior Ct. 369.

The order of the lower court is affirmed.