Meek *v.* Allen, Appellant.

496

Argued March 8, 1948. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Miller Alanson Johnson,* for appellant.

*Paul M. Showalter,* with him *Showalter & Showalter,* for appellee.

OPINION BY HIRT, J., April 20, 1948:

This action, brought to recover for personal injuries, was at issue in May 1943. The case was first called for trial in January 1944 but was continued from term to term thereafter because of the absence of plaintiff's counsel in the armed forces and for other reasons which do not appear of record. Defendant who had appeared by counsel, did not oppose any of the continuances. The case was finally listed for trial on May 20, 1946 and was called the following day. Defendant's counsel then appeared and requested postponement for an additional day stating that he had given defendant ample notice that the case would be tried then. On May 22, 1946, when defendant did not appear, nor account for his absence,

the court over his counsel's objection, ordered the trial to proceed. The verdict was for the plaintiff in the sum of $1,500 and judgment was entered upon it. In this appeal defendant contends that the evidence does not convict him of negligence and that he at least is entitled to a new trial because of the trial of the case in his absence.

The court cannot be charged with an abuse of discretion in ordering the trial to proceed in this case when no good reason was given for defendant's failure to appear. Where a case is regularly on a trial list it has always been the rule that a plaintiff is within his rights in demanding trial, notwithstanding the absence of the defendant. *Meckes v. Pocono Mt. W. S. Co.*, 203 Pa. 13, 52 A. 16; *Wood et ux. v. Garrett*, 353 Pa. 631, 637, 46 A. 2d 321; *Silberman v. Ratner et al.*, 103 Pa. Superior Ct. 424, 157 A. 632. Rule of Civil Procedure, No. 218, of the Supreme Court, 12 PS appendix 218, sanctioned the existing practice by providing that "When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court . . . the plaintiff may proceed to trial . . ."

Plaintiff in the early afternoon of January 26, 1941, a dry clear day, was driving an automobile southwardly on a paved highway in the village of Allenwood. She was proceeding in a proper manner just to the right of the center line of the road. She did not deviate from a straight course and was proceeding at a uniform speed of about 20 miles per hour. The road was 36 feet wide and was paved from curb to curb. Defendant's car, approaching from the rear, struck plaintiff's automobile with such force as to drive it into a tree on the west side of the road. Plaintiff was severely injured. Nobody saw defendant's car until the moment of the collision.

Of course the mere happening of the rear-end collision does not charge the defendant with negligence. Such occurrence does not raise a presumption of negligence. But defendant was the operator of the car which

caused the damage and it was his duty to drive in a careful and prudent manner, having due regard to other traffic, and at a speed no greater than would permit him to bring his car "to a stop within the assured clear distance ahead". Section 1002 of the Vehicle Code, as amended, April 15, 1941, P. L. 17, 75 PS 501. The code in the amendment of §1010 by the Act of July 16, 1935, P. L. 1056, 75 PS 545, also provides: "The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway". The rule of conduct imposed on the defendant by law has been thus stated in *Cirquitella et ux. v. Callaghan, Inc.*, 331 Pa. 465, 200 A. 588: "Where two persons are driving vehicles in the same direction on a city street, it is the duty of the driver of the rear one to be vigilant, and ordinarily to have his car under such control as to be able to prevent a rear-end collision [even] in the event the front vehicle suddenly stops: Zandras v. Moffett, 286 Pa. 477; Lang v. Hanlon, 302 Pa. 173; Farmer v. Nevin Bus Lines, Inc., 107 Pa. Superior Ct. 153; Lelar v. Quaker City Cabs, 108 Pa. Superior Ct. 15". Since the automobile which caused the damage was driven by the defendant and was exclusively under his management and control, it was a fair inference for the jury that he failed to observe the degree of care required of him by law and that he therefore was chargeable with negligence which resulted in injury to the plaintiff. The question of defendant's negligence was a fact for the jury to be determined from all the evidence in the case (*Cirquitella et ux. v. Callaghan, Inc.*, supra), and the evidence adequately supports the verdict.

The hospital bill incurred by plaintiff was an element of damage. When the bill was offered, defendant's counsel stated: "I agree to admit the hospital bill without calling witnesses to prove it". The trial judge thereupon stated: "We will admit the hospital bill". The contention that this amounted to a direction to find for the

plaintiff is captious and frivolous. Both counsel and the court were referring to the admission of the bill as evidence and nothing more. The court charged that the bill had been admitted "for the consideration of the jury"; and "if you allow her anything, allow her the hospital bill and for pain she suffered". The jury could not have been misled into accepting the hospital bill as more than an agreement as to amount to be included in the verdict as an item of damage, only if plaintiff was blameless and her injury resulted from defendant's negligence.

Judgment affirmed.