Nerkowski *v.* Yellow Cab Company of Pittsburgh, Appellant.

Argued October 6, 1969. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*David J. Armstrong*, with him *Richard S. Dorfzaun*, and *Dickie, McCamey & Chilcote*, for appellant.

*Henry E. Rea, Jr.*, with him *Brandt, Riester, Brandt and Malone*, for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, November 28, 1969:

On August 21, 1962, the minor plaintiff, Raymond F. Nerkowski, Jr., was struck by a taxicab owned by defendant and operated by one of defendant's employees. Plaintiffs filed suit seeking to recover damages for Raymond's alleged injuries, including brain damage and a personality disorder which allegedly will impair his earning capacity. In addition, Raymond's parents sought to recover the medical expenses occasioned by their son's injuries and the loss of his earnings up to his majority.

Although the accident occurred in 1962, the case was not praeciped for issue until April 20, 1966, and was not tried until January 13, 1969. This was the sixth time it had been on the trial list. During this time, several different attorneys had been employed by plaintiffs, while defendant had been represented primarily by David B. Fawcett, Esquire, of the law firm of Dickie, McCamey & Chilcote. During this time, plaintiffs had been granted two continuances.

On January 7, 1969, David B. Fawcett was appointed by the Governor of Pennsylvania to serve as a Judge

of the Court of Common Pleas of Allegheny County. When informed on January 9, 1969, that Fawcett would be unable to try the case, defendant's president, James P. Sinnott, chose David J. Armstrong, Esquire, another member of the firm of Dickie, McCamey & Chilcote, to represent the Cab Company in this case. This was Armstrong's first association with the case.

At the call of the trial list on January 10, 1969, the Court was informed that Armstrong would be substituted for Fawcett as trial counsel for defendant. Later in the afternoon, Armstrong had a conference with the Calendar Control Judge and the attorney for the plaintiffs. Armstrong explained that he was already committed to try a case before another Common Pleas Court Judge which was specially set at the top of the list called on January 10, 1969. *Armstrong requested that the trial of appellant's case be postponed for one week* or until the other trial in which he was participating was completed. Judge FIOK refused this request and insisted that this long-delayed case proceed to trial. On the afternoon of January 10, while Armstrong was engaged in the selection of a jury for his other case, the jury for this case was picked on that same afternoon (January 10th), with only the plaintiffs' attorney in attendance, and no one representing the defendant.

On January 13, 1969, Armstrong asked the trial Judge to hold the case on the trial list *for one week or until his other case was completed.* He also informed the Court that because the president of the Yellow Cab Company insisted that he alone handle the case, it would have to proceed without any defense counsel, if it was tried on that day. Although plaintiffs did not object to a one-week continuance, *Armstrong's request was again refused by the Court.* The case was then tried on January 13th and 14th without the presence

of any defense counsel, or the defendant, or any witnesses for the defendant.

Following a jury verdict of $5,000 for plaintiff Mrs. Nerkowski in her own right and $10,000 for plaintiff Raymond Nerkowski, defendant moved for a new trial, assigning numerous errors. We need consider only one of these, namely, the denial of a continuance. The Court en banc reviewed the case, considered all the assignments of error, rejected all of them, and denied defendant's motion for a new trial.

In *Bierstein v. Whitman*, 355 Pa. 515, 50 A. 2d 334, the Court said (page 519) : "It is the contention of the plaintiff that the nonsuit should be taken off for the reason that the court in refusing to grant the continuances asked for on December 10, 1945, abused its discretion.

"This court said in Anderson v. Guerrein, etc., Co., et al., 346 Pa. 80, at 84: 'An application for a continuance is an appeal to the discretion of the trial judge and his action in regard thereto will not be reversed unless such discretion is abused.' (Citing cases).

"We think that under the circumstances attendant upon this case on December 10, 1945, it was an abuse of discretion not to have granted the continuances." See, also, *Tobash v. Jones*, 419 Pa. 205, 211, 213 A. 2d 588.

While we can appreciate the lower Court's concern for the orderly and speedy administration of Justice, we do not agree with its conclusion that appellant failed to present a satisfactory excuse for failing to be ready for trial.

Several unusual factors support appellant's contention that a continuance should have been granted. The delay requested was very short; indeed, plaintiffs themselves offered no objections to the requested postponement. It would be difficult for counsel not intimately familiar with the case to present defendant's

défense, especially since the issue of damages involved detailed medical testimony on the controversial and difficult question of personality disorders. Unlike the situation in many other cases, plaintiffs would not have been really prejudiced nor even seriously inconvenienced had the continuance been granted. Fawcett's appointment to the Bench was apparently unanticipated by the parties, and there was no indication in the record that any other attorneys in his firm were sufficiently familiar with the case to adequately represent the defendant on such very short notice.

The denial of a continuance was, under the aforesaid facts, undoubtedly an abuse of discretion.

Judgment of the lower Court reversed and a new trial granted; costs on appellant.

Mr. Justice COHEN concurs in the result.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

While I agree with the majority that this case should be remanded for a new trial, I do so because I believe that the court's charge was highly prejudicial to the defendant. Instead of simply advising the jury that defendant and counsel did not have to appear, and that no adverse inference was to be drawn from their absence, the trial court, in effect, permitted its insistence that the case be tried to spill over into its charge, thereby placing before the jury an unnecessary and prejudicial element of controversy.

The charge stated:

"The Court insists that it has the right to determine what cases will be tried and where there are conflicts of scheduling for attorneys the Court insists that it has the right to tell the parties in a case that they must get another attorney.

"In this case the defendant has selected an attorney who is engaged, and . . . a member of this Court ruled that this case would be tried, that the defendant,

Yellow Cab Company, would get an attorney or it would proceed without an attorney.

. . .

"If it is wrong as a matter of law to proceed as we have done in this case then it could be sent back, if it is determined to be wrong, it could be sent back for a new trial.

"But these matters do not in any way enter into your consideration of the case. This is our responsibility and while it is unusual it should not in any way influence you. It should not prejudice you against or for the plaintiff or against or for the defendant.

"And of course the defendant here is a well-known defendant. You all see Yellow Cabs on the street and you all know it. Now this, just because it is a well-known and large company, this should in no way influence you or prejudice you in the outcome of the case."

The charge, in my view, contains clear implications that this well-known defendant was dealing with the trial court in a manner that improperly burdened the efficient dispatch of its trial list. Such an implication is obviously prejudicial to this defendant's case. Accordingly, I concur in the majority's decision to remand this case for a new trial.