## Lighting Unlimited, Inc. *v.* Unger Construction Company, Appellant.

Argued April 13, 1970. Before Wright, P. J., Watkins, Montgomery, Jacobs, Hoffman, Spaulding, and Cercone, JJ.

*Edward F. Urbanik*, with him *Royston, Robb, Leonard, Edgecombe, Miller & Shorall*, for appellant.

*H. Hudson*, with him *Meyer W. Gordon, Gerald B. Marcovsky*, and *Rothman, Gordon, Foreman and Groudine*, for appellee.

Opinion by Cercone, J., September 18, 1970:

Lighting Unlimited, Inc., Lighting Pittsburgh Division, a corporation, filed suit in assumpsit against Unger Construction Company, a corporation, to recover the sum of $1,693.66, together with interest, which it claims was the unpaid balance for various articles of personal property sold to defendant, plaintiff attaching to its Complaint a copy of its books of original entry insofar as same related to defendant's account.

Defendant filed an Answer admitting that certain of the items had been accepted by it, but denied that it had agreed to the prices set forth, alleging that the final prices were subject to further negotiation.

Suit was filed on October 31, 1968; Answer was filed on November 22, 1968. The amount claimed being less than $2,000.00, the matter was set for a February 4, 1969 hearing before a Board of Arbitrators. That hearing date was changed to April 16, 1969. On April 14, 1969, by stipulation of counsel, the hearing was continued generally. On August 18, 1969, by order of court, the hearing was set for November 24, 1969.

On November 21, 1969, M. S. Unger, President of defendant company, engaged Attorney E. F. Urbanik (who had represented defendant on prior occasions) to represent the Company at the hearing, Unger claiming that he was unable to contact defendant's counsel then of record. Attorney Urbanik agreed to represent him and entered his appearance in the case even though he knew at that time he could not defend the case on the date set for hearing as he would be engaged in the trial of another case in Federal Court. He telephoned plaintiff's counsel to secure agreement to another continuance, but his request was refused.

On November 24, 1969 Attorney Urbanik, prior to attending the trial of his Federal Court case, appeared before Judge STRAUSS of the Allegheny County Common Pleas Court and requested a continuance in this case. In view of the record of past continuances, the court refused the request and the case was ordered to proceed to hearing before the Arbitrators or defendant to suffer judgment in default of appearance. Defendant chose not to proceed with the hearing as scheduled before the Board of Arbitrators and the court entered a default judgment in the amount of $1,183.48 in favor of plaintiff and against defendant.

Defendant's petition for rule to show cause why the judgment should not be opened was refused on November 28, 1969.

On December 3, 1969, defendant's attorney, seeking to appeal under section 71 of the Compulsory Arbitra-

tion Act, Act of June 16, 1836, P. L. 715, §27, as amended, 5 P.S. 71, tendered an Affidavit of Appeal, appeal bond and costs, to the Court of Common Pleas Prothonotary and praeciped to have the case placed on the next civil jury list, but the tender was refused.

This appeal has followed.

As to the refusal of the lower court to grant a continuance, we must follow the long-standing rule that "an application for a continuance is an appeal to the discretion of the trial judge and his action in regard thereto will not be reversed unless such discretion is abused:" *Anderson v. Guerrein, etc., Co.,* 346 Pa. 80 (1943). In this case, we cannot say that the court below abused its discretion in refusing another continuance, especially in view of the history of past continuances and in view of the fact that defense counsel knew at the time he accepted employment in the case that he could not represent defendant on the date set for hearing. Unlike the facts in *Nerkowski v. Yellow Cab Co.,* 436 Pa. 306 (1969), relied on by defendant, defense counsel in this case knew at the time he originally accepted employment that he had to appear in Federal Court on another matter on the date set for hearing in defendant's case. Proper and expedient administration of the court calendar does not permit such known previous commitment to be used as reason for continuing a trial which had already been continued several times. Defendant, when it hired counsel knowing of his previous commitment which prevented him from defending the case on the appointed day, took its chances that another continuance might not be granted.

Nor does this case present the situation present in the *Nerkowski* case of prejudice to the defendant which the court there found to exist because: "it would be difficult for counsel not intimately familiar with the case to present defendant's defense, especially since

the issue of damages involved detailed medical testimony on the controversial and difficult question of personality disorders." A further distinction between the *Nerkowski* case and the instant one lies in the fact that in the present case there were a series of past continuances, which factor the court below could properly weigh in considering the propriety of further requests for delay.

Though we determine, therefore, that the court below did not abuse its discretion in requiring the defendant to proceed to trial, we must hold it did abuse its discretion in proceeding to determine and liquidate the amount of damages to which plaintiff was entitled. The case was within the mandatory jurisdiction of the Board of Arbitrators under Rule IA of the Allegheny County Common Pleas Court, Civil Division, Rules of Arbitration, and the court should have permitted the case to proceed for hearing before that Board for ascertainment of the amount of damages to which plaintiff was entitled. Rule IIIC of the above-referred-to Rules of Arbitration of the Allegheny County Common Pleas Court, Civil Division, provides: "C. Wherever any case has been continued two times after assignment of two Boards of Arbitration, said case shall be certified by the Deputy Prothonotary for Arbitration to any available judge in the Civil Division who shall summon the parties or their counsel. The Judge shall have the power to make any apropriate order, including an order for non-pros, or an order that the case be again assigned to a Board of Arbitration and be heard and an award made whether or not the defendant appears and defends." Such rule clearly indicates that where an award is to be made it should be made not by the court but by the Board of Arbitrators. Such was the procedure followed and approved by this court in *Morgan v. L. G. Krepps & Sons, Inc.*, 197 Pa. Superior Ct. 6 (1961), in which we reversed the opening of the de-

fault judgment and held: "Under the circumstances the order of the court must be reversed and the matter referred to the arbitrators solely for the purposes of fixing the plaintiff's damages."

So, also, in this case. Though we affirm the refusal of the grant of the continuance, we hold that the judgment entered by the court in favor of the plaintiff must be reversed and the case remanded for reference to a Board of Aribtrators solely for the purpose of fixing the amount to which plaintiff is entitled.

Judgment reversed, record remanded for further proceedings consistent with this opinion.