## Felsing *v.* Beining, Appellant.

Argued November 15, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles D. Coll,* for appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY SPAETH, J., September 22, 1975:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dated February 11, 1974, directing appellant to pay $11.00 per week child support.

Appellant and appellee were never married. It is, however, uncontested that appellant is the father of appellee's child, Deborah, born November 27, 1962. Appellee first filed a petition for the support of Deborah on March 16, 1973. At a hearing held on May 2, 1973, it was determined that appellant's earnings could not sustain a support order, and the petition was dismissed. On January 16, 1974, appellee again filed a petition for support, and a rule to show cause was issued and a hearing set for February 11, 1974.

Appellee was not represented by counsel. Charles D. Coll, Esquire, had represented appellant at the first hearing. Appellant claims that he engaged Coll to represent him at the second hearing. He supports this claim by reference to Exhibit "A", a letter from Patricia A. Michak, Counselor, Family Division of the Court of Common Pleas of Allegheny County. This letter, dated January 24, 1974, notified Mr. Coll "to appear in Room 520, Allegheny County Court House, Fifth Avenue and Grant Street, Pittsburgh, on February 11, 1974, at 9:30 a.m., for a court hearing on your case regarding establishing a support order." On February 11, Mr. Coll suffered from a cold and was too ill to attend the hearing. He telephoned Ms. Michak at her office in the Court House, informed her of his illness, and requested a postponement. This conversation is documented in the record by a note written by Ms. Michak to the hearing judge. The note, Exhibit "B", stated:

CASE NUMBER 687—73
DEFENDANT'S NAME     Beining (case)
PLAINTIFF'S NAME
PERSON CALLING     Charles Coll—Attorney
MESSAGE     Attorney cannot make it as he is sick with a cold. Please call him.
Attorney Coll contacted. He wishes to have court

hearing continued and he will be unable to appear to represent defendant.

Appellant and his wife appeared for the hearing on February 11. The hearing was extremely brief, requiring only 3 pages to transcribe. Appellant did not inform the hearing judge that he had retained Mr. Coll, or that Coll was ill. He testified that he is married and had one child of his own by his present wife and that his wife had three children by a prior marriage and was on public assistance. He also testified that he was a saw sharpener but was unemployed because of an operation on his arm (from which he expected to recover in four weeks) and was receiving $75.00 per week unemployment compensation. Appellee asked for $11.00 per week support for Deborah. The hearing judge granted her request, directing that payments were not to begin for five weeks, by which time appellant could be working. No inquiry was made into appellant's salary or expenses. No evidence was presented to indicate that appellant's earnings, which had previously been adjudged inadequate to support an order of $11.00 per week, were now sufficient to sustain that order.

Appellant contends that the hearing judge abused his discretion in refusing to continue the February 11 hearing. It is true that in a sense there was no refusal, because appellant did not himself ask for a continuance, and there is no evidence of record that the judge knew that Mr. Coll, as appellant's attorney, had asked for one. However, Ms. Michak was an employee of the Family Court Division, and Coll had received his information about the hearing from her. It was therefore only reasonable for him to have called her. Moreover, Ms. Michak's note summarizing Coll's call was addressed to the judge. In these circumstances we believe that Ms. Michak's knowledge must be imputed to the judge, *cf.* *Silverman v. Vogel,* 173 Pa. Superior Ct. 492, 98 A.2d

434 (1953); Restatement, Second, Agency §9(3), and Coll's request to her regarded as though to the judge.

The question, therefore, is whether the judge's refusal to grant the request was an abuse of discretion, for " 'an application for a continuance is an appeal to the discretion of the trial judge and his action in regard thereto will not be reversed unless such discretion is abused:' *Anderson v. Guerrein, etc., Co.,* 346 Pa. 80 (1943)." *Lighting Unlimited, Inc. v. Unger Construction Co.,* 217 Pa. Superior Ct. 252, 255, 269 A.2d 368, 369 (1970). In considering this question, we must look to whether a "satisfactory excuse" was presented to the judge. *Nerkowski v. Yellow Cab Co. of Pittsburgh,* 436 Pa. 306, 259 A.2d 171 (1969).

Rule 216 of the Rules of the Court of Common Pleas of Allegheny County, Civil Division and Family Division, provides:

Grounds for Continuance

(A) The following are grounds for continuance:

. . . .

(2) Illness of counsel of record, a material witness, or a party. If requested a certificate of a physician shall be furnished, stating that such illness will probably be of sufficient duration to prevent the ill person from participating in the trial.[1]

Under this rule, Mr. Coll's illness represented a "satisfactory excuse" for the hearing judge to exercise his discretion and grant the requested continuance.

The hearing judge has pointed to a Family Division "trial policy" established in 1973 by Presiding Judge BROSKY. This provides:

Trial Policy

Non-support and all matters relating to domestic

---

1. No physician's certificate was requested in this case, and none was produced.

relations section. Divorce—Custody, Habeas Corpus —Equity and Assumpsit Actions—Partition—All Matters Relating to Family Division.

The following will be applicable to both plaintiff and defense counsel on all cases:

1. Counsel for the case must be available and ready to try the case at the time it is called;
2. If counsel is not available, absent compelling reasons, then they must be substituted for; . . .
4. If counsel is not available and no substitute provided, the case will proceed without counsel;. . . .

The judge relies on the provisions of paragraph 4 as justification for not granting a continuance. We believe that this reliance is misplaced as it fails to take into account the caveat of paragraph 2. In light of Rule 216, *supra,* illness is a compelling reason.

Reversed with a *procedendo.*

CERCONE, J., concurs in the result.

VAN DER VOORT, J., dissents.