384 A.2d 1325

**DUBLIN SPORTSWEAR, a division of Genesco, Inc., a corporation, Appellee,**

**v.**

**Vincent CHARLETT, Individually and d/b/a Arthur Robert School of Beauty Culture, Appellant.**

Superior Court of Pennsylvania.

Argued April 14, 1977.

Decided April 13, 1978.

Allen N. Brunwasser, Pittsburgh, for appellant.

Joseph E. Schmitt, Pittsburgh, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

CERCONE, Judge:

This appeal arises from a jury trial *ex parte* wherein the jury returned a verdict for the plaintiff-appellee. Appellant's motion for new trial and motion for reconsideration were denied and this appeal followed. We affirm the decision of the lower court.

On December 22, 1972, in the Court of Common Pleas of Allegheny County, Dublin Sportswear entered suit in assumpsit against Vincent Charlett for goods sold and delivered. The case was first placed on the jury trial list for April 3, 1975, but was not reached at that time.

Notice appeared in the Pittsburgh Legal Journal on September 23, 1975, that the case had been placed on the trial list for Monday, November 10, 1975, and would be called on Friday, November 7, 1975. Defense counsel, Allen Brunwasser, was engaged in Federal Court on November 7, but asked the Chief Minute Clerk to report him ready to proceed with the case on Monday, November 10. This was done, and both

parties and counsel were present Monday morning. Although a jury was selected expeditiously, the case was not assigned to a judge that day. Lacking a judge available to hear the case, the jury was dismissed and told to return on Wednesday, November 12, Tuesday being Armistice Day.

Some time during the day of November 10, Mr. Brunwasser informed plaintiff's counsel, Joseph Schmitt, that he had several other commitments scheduled for Wednesday, November 12 and would not be able to proceed with the case until mid-morning on Thursday, November 13. Mr. Brunwasser also spoke to the chief minute clerk, Foster Doak, informing him of his other engagements for Wednesday and Thursday. Apparently, Mr. Brunwasser had a federal grand jury session in the morning of November 12, which had been so scheduled since October 30, 1975. He also had an afternoon commitment in Juvenile Court on November 12, and an early morning commitment on Thursday in the Court of Common Pleas. As a result of his conversations with Mr. Brunwasser, plaintiff's counsel spoke with the chief minute clerk and the calendar control judge, who informed him that the case nevertheless remained on the list to proceed on Wednesday morning, as originally scheduled.

On Wednesday, the case was assigned to the courtroom of the Honorable Francis Barry. Only plaintiff's counsel and witnesses were present. Judge Barry telephoned Mr. Brunwasser to tell him the jury was in the room and the court was ready, and Mr. Brunwasser informed the judge of his other commitments for that day. When Mr. Brunwasser refused to appear, trial proceeded without him or his client, and the jury returned a verdict for plaintiff. Mr. Brunwasser reported for trial on Thursday morning, November 13, whereupon he learned of the verdict against his client.

The issue before us is whether, under these particular facts, it was proper for the lower court, after a jury had been picked by plaintiff and defendant, to proceed with a jury trial *ex parte* because defendant and his counsel did not appear at the trial due to the conflicting commitments of defendant's counsel.

In answering this question, we must first look to the Pennsylvania Rule of Civil Procedure which governs the right to proceed with trial in the absence of one of the parties. Rule 218 reads as follows.

*"Party Not Ready When Case Is Called For Trial.*

When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on the motion of the defendant, or the plaintiff may proceed to trial, as the case may be. Where the trial proceeds the court may require the prothonotary, or may authorize any attorney of the court, to participate in the drawing of a jury in behalf of the unready party.

If no party is ready for trial when a case is called, the court shall strike the case from the trial list."[1]

"The practice authorized by this rule to proceed with trial in the defendant's absence has been held to be reasonable and a proper practice which has been consistently followed subject to judicial discretion. *Meek v. Allen,* 162 Pa.Super. 495, 58 A.2d 370 (1948)." *Lee v. Cel-Pek Industries, Inc.,* 251 Pa.Super. 568, 570, 380 A.2d 1243, 1244 (1977); See also *Wood v. Garrett,* 353 Pa. 631, 46 A.2d 321 (1946); *Meckes v. Pocono Mountain Water Supply Co.,* 203 Pa. 13, 52 A. 16 (1902); *Lighting Unltd., Inc., Ltg. Pgh. Div. v. Unger*

1. The general rule governing continuances is Pa.R.C.P. 216, infra. It states that if a cause for continuance exists and is known at least a week prior to the call of the list, application must be made pursuant to Rule 216. If a cause for continuance arises subsequent to the call of the list Rule 216 "by implication, permits an application for a continuance upon such ground at anytime prior to the swearing of the jury or the commencement of the trial in a non-jury case." Goodrich-Amram 2d § 216(c):1, pp. 244–245; 4 Stand.Pa.Prac., Chap. 19 § 38 (p. 662).

This case arises after the case was called for trial, Rule 218, and after the swearing of the jury. Logically this places a greater responsibility on the attorney to make his cause for continuance known to the court and have it placed on the record. Although it is true a continuance may be requested at any time in the case of an emergency, no such emergency existed here. Cf. *Coleman v. Hess,* 1 Browne 240 (C.P. 1811); *Patton v. Evans,* 92 Utah 524, 62 P.2d 969 (1938).

*Constr. Co.,* 217 Pa.Super. 252, 269 A.2d 368 (1970); *Silberman v. Ratner,* 103 Pa.Super. 424, 157 A. 632 (1931).

Appellant contends, however, that his other court commitments scheduled for November 12, 1975, are a "satisfactory excuse" within the meaning of Rule 218 that prevent its operation in this case. Although cases have held that the commitments of counsel in other courts may be a "sufficient excuse" to grant a continuance, the facts of these cases specifically state that absent counsel made his excuse known to the court before trial started. *Budget Laundry Co. v. Munter,* 450 Pa. 13, 298 A.2d 55 (1972); *Nerkowski v. Yellow Cab Co. of Pgh.,* 436 Pa. 306, 259 A.2d 171 (1969). The distinguishing fact in the *Budget* case is that absent counsel, through his partner, informed the calendar control judge before jury selection, and the trial judge on the morning of trial, of his scheduling conflict. Appellant's counsel in the instant case spoke only to the minute clerk and opposing counsel before trial; he never spoke to the calendar control judge to seek a continuance on the afternoon of Monday, November 10, when the conflict became apparent. It was on the morning of trial that counsel spoke to the trial judge, at the initiation of the judge,[2] and made his excuse known to the court. We do not find that a sufficient compliance with procedure to place this case within the holding of *Budget Laundry.*

The *Budget* court cites the similar case of *Nerkowski v. Yellow Cab Co. of Pgh.,* supra. There, once again, the calendar control judge was informed of a substituted counsel's conflict before trial began. The calendar control judge denied the continuance. In reaching its decision, the Supreme Court answered three questions: whether there was prejudice to the opposing party by a delay, whether opposing counsel was willing to continue the case, and the length of delay requested. The court found that there was no prejudice to plaintiff, that opposing counsel had been agreeable to

2. Undoubtedly, Judge Barry was properly displeased with the discourtesy of Mr. Brunwasser's failure to come forward with an explanation for his absence. Compare *Felsing v. Beining,* 236 Pa.Super. 202, 345 A.2d 290.

a continuance, and the time requested was short. A new trial was granted.

When answering those three questions in the instant case it is clear there was prejudice to the appellee-plaintiff. One witness from Nashville, Tennessee had already been required to remain in Pittsburgh over the holiday. Two other witnesses were missing their second day of work and might not be available on the subsequent day. The jury would have been idle an extra day. Second, appellee was not agreeable to a delay but indicated to his counsel he wanted to proceed with the case on Wednesday. Third, the delay requested was short, but the remaining equities justify the trial *ex parte* rather than the last minute request for delay.

It should be noted that the instant case differs markedly from cases such as *Felsing v. Beining*, 236 Pa.Super. 202, 345 A.2d 290 (1975), where we have reversed the lower court when it has ordered a case to trial despite the absence of counsel. In *Felsing*, counsel was ill on the day the case was scheduled, and illness by its very nature is often sudden and unpredictable—that, perhaps, being the basis for affording illness special consideration under Rule 216(A)(2). In this case, appellant's counsel knew on September 23, 1975, that the case would be on the trial list for November 10, 1975. As of October 30, 1975, appellant's counsel knew of his commitment in federal court scheduled for November 12, 1975. Mr. Brunwasser, an experienced trial lawyer in Allegheny County doubtless familiar with the vagaries of jury trial scheduling, should have anticipated the possibility of a conflict in commitments more than one week before the problem arose.

When counsel knows of a conflict at least a week prior to the scheduled date, the Pennsylvania Rules of Civil Procedure are very specific in the method by which a continuance should be obtained. Rule 216 reads, in part, as follows:

"Rule 216. Grounds for Continuance

(c) No application for a continuance shall be granted if based on a cause existing and known at the time of publication or prior call of the trial list unless the same is

presented to the court at a time fixed by the court, which shall be at least one week before the first day of the trial period. Applications for continuances shall be made to the court, or filed in writing with the officer in charge of the trial list, after giving notice of such application by mail, or otherwise, to all parties or their attorneys. Each court may, by local rule, designate the time of publication of the trial list for the purposes of this rule."

The local rules of Allegheny County further delineate the procedure for obtaining a continuance. Rule 216(F) states that a petition for continuance shall be presented in duplicate with issue number. Rule 212 IX.B. states that one or more judges shall be designated by the court to serve as calendar control judge to whom shall be submitted:

"(B) All applications for continuances of cases on the general or daily trial list. No requests for continuances will be granted unless accompanied by verified petitions setting forth compelling reasons after notice to all parties. At the discretion of the court it may be required that the petition be signed by and bear the endorsement of either the plaintiff or the real party in interest represented by the defendant, as the case may be, stating that the party has knowledge of and agrees to the request for continuance. This form of endorsement shall be substantially in the following form:

I, . . . (name of Plaintiff or Claims Manager), join in the request that this case be continued for the reasons set forth in the petition."

In this case, there is no indication in the record that appellant's counsel complied with any section of Pa.R.C.P. 216 or the local rules to apply for a continuance when he had knowledge a week before the call of the list that there was a possibility of a conflict in his schedule. It might be argued that it is impractical for an attorney to comply with all the formalities of Pa.R.C.P. 216 in applying for a continuance because an attorney does not know exactly when a case will be assigned for trial due to settlements and other continuances. *Budget Laundry Co. v. Munter*, supra. Also, courts

are instructed to construe the Rules of Civil Procedure liberally as to serve a just result. Pa.R.C.P. 126; *Straff v. Nationwide Mutual Fire Ins. Co.,* 230 Pa.Super. 403, 326 A.2d 586 (1974) (Hoffman, Dissenting). While these are valid points and might be convincing if that were all that were at issue, in viewing the totality of the circumstances in this case, those arguments are not conclusive. The countervailing policy is that the Rules of Civil Procedure are established to provide for the orderly administration of the courts, and therefore must be followed by all attorneys. *Silberman v. Ratner,* 103 Pa.Super. 424, 157 A.2d 632 (1931). It would be a dangerous precedent indeed if an attorney could obtain a continuance by an off the record phone call the morning of trial. See 17 Am.Jur.2d, Continuance § 15. Furthermore, we hasten to add, had it not been for Judge Barry even this gesture would have remained undone.

Appellant also argues that there were gaps in the existing record, and that there were conversations between persons of which he was not informed until later. If appellant had complied with Pa.R.C.P. 216, all the facts would have been on record prior to the trial through the petitions for continuance.

Appellant's final contention is that the case should be remanded for the taking of depositions on any factual disputes. Although this may be the procedure used in some cases, e. g., *White v. Alston,* 231 Pa.Super. 438, 331 A.2d 765 (1974); *St. Paul Fire & Marine Ins. Co. v. Boscia,* 231 Pa.Super. 165, 331 A.2d 696 (1974), the factual dispute in this case is a collateral matter, the crux being counsel's failure to inform either the calendar control judge or the trial judge, prior to the morning of trial, that he had other commitments scheduled for that day.

"Dilatory practices by lawyers cannot be countenanced. Nor can lawyers be permitted to disrupt the orderly process of disposition of litigation by the sheer weight of the number of cases which they are engaged to try." *Budget Laundry,* 450 Pa. at 21–22, 298 A.2d at 58. Although strict and literal compliance with the Rules of Civil Procedure is

not advocated whenever the ends of justice will not be met, we are not convinced that the ends of justice would be served by deviating from the rules under these circumstances.

Judgment affirmed.

WATKINS, former President Judge, and VAN der VOORT, J., did not participate in the consideration or decision of this case.