393 A.2d 911

**Darlene M. SNYDER, Appellant,**

**v.**

**PORT AUTHORITY OF ALLEGHENY COUNTY, Appellee.**

Superior Court of Pennsylvania.

Argued April 13, 1978.

Decided Oct. 25, 1978.

John M. Grubor, Pittsburgh, for appellant.
G. N. Evashavik, Pittsburgh, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

This is an appeal from a refusal of a court en banc in Allegheny County to take off a nonsuit entered against the appellant, Darlene Snyder. We affirm the decision of the lower court.

The appellant, Darlene Snyder, brought a suit in trespass against the appellee, the Port Authority of Allegheny County for damages she sustained when a Port Authority trolley hit the rear of her car. The case was originally listed for trial on March 10, 1977. Three days prior to trial, the appellant discharged her then acting attorney, Martin Goldhaber, and retained another attorney, John Grubor, as her counsel. Mr. Grubor filed his appearance with the court on March 7, 1977. At the call of the list on March 10 Mr. Grubor reported the appellant "not ready" and moved for a continuance of the case until the next trial list. The ground for the motion was that Mr. Grubor had inadequate time to prepare the case for trial since he had been retained only three days earlier. The case was continued for seven days until March 17, 1977. On that date, the case was again called for trial and appellant's counsel reported "not ready." The calendar control judge ordered the case for trial. On March 21, 1977, the calendar control judge instructed the chief minute clerk to appear for the appellant, in counsel's absence, to select a jury. The case was assigned to Judge Ralph Smith, Jr. on March 22, 1977 whereupon appellant and her counsel failed to appear. Appellee's motion for nonsuit under Pa.R.Civ.P. 218 was granted. Appellant's motion to take off the nonsuit was denied and this appeal ensued.

Pa.R.Civ.P. 218 provides that:

"When a case is called for trial, if one party is ready and the other is not ready, without satisfactory excuse being made known to the court, a non-suit may be entered on

the motion of defendant . . . Where the trial proceeds the court may require the prothonotary, or may authorize any attorney of the court, to participate in the drawing of the jury in behalf of the unready party. . ."

The opinion of the lower court bases its refusal to take off the nonsuit on this rule, stating that a "satisfactory excuse" was not made known to the court. The factors the court looked at included appellant's counsel's request for a continuance made twice between March 9 and March 22 on the grounds that he did not have time to prepare,[1] despite a 7-day continuance granted to give counsel a two-week period in which to adequately prepare the case since it involved an uncomplicated rear-end collision. The opinion also recognizes that appellant had gone through five lawyers in this case, although only two attorneys appear on the record before us.

Based on this information we are faced with the issue of whether or not the lower court abused its discretion in denying appellant's motion to take off the nonsuit.

The record is far from clear in this case and the briefs of the parties on appeal cloud the issues further. Appellant's brief alludes to the fact that Mr. Goldhaber told appellant two weeks before trial he would be unable to try the case. The facts in appellee's brief state Mr. Goldhaber then referred the case to Mr. Daniel Berger, Esquire, who was allegedly ready to proceed when appellant selected Mr. Grubor as counsel. Appellant, in her brief, claims that her file was not turned over to her attorney, Mr. Grubor by her prior counsel, Mr. Goldhaber. Appellee's brief explains this was due to a fee dispute. Finally, appellant's counsel admits in his brief for appellant that not until the morning of the trial did he tell appellee's attorney and the chief minute clerk that he would not be available for trial that day,

1. The only request for continuance that is on the record before us is that of March 10, 1977.

March 22, due to a conflicting commitment he had to attend that morning.[2]

▮ None of these facts appear on the record before us.[3] Hence we must look to the facts that were before the judges when they refused to take off the motion for nonsuit. What appears of record before us is the appellant's motion to take off the nonsuit and appellee's answer. There is a docket entry indicating service of briefs, but no briefs concerning the motion to take off the nonsuit in the lower court appear in the record. There is no indication of oral argument on the motion and no transcript of proceedings. Thus, solely because of appellant's change of counsel, she argues that the failure to continue the trial to the next available jury trial list was an abuse of lower court's discretion. Based on recent case law, we cannot agree.

It is true that counsel for the appellant followed the necessary steps in applying for a continuance of the case until the next jury trial list on March 10, 1977. Pa.R.Civ.P. 216. However, we do not feel it so unreasonable for the lower court to have granted only a one week continuance in this case based on the grounds of inadequate preparation due to change in counsel. Changing counsel only three days before the case was listed for trial is a risk the appellant must bear, and not the courts.

In *Nerkowski v. Yellow Cab Co. of Pgh.*, 436 Pa. 306, 259 A.2d 171 (1969), plaintiff's counsel had been appointed to the bench. Substitute counsel had a conference with the calendar control judge requesting only a one-week continuance due to a conflicting commitment in his schedule. The lower

**2.** Counsel had scheduled a medical examination in another case which he had to attend.

**3.** The only event on the record to substantiate the above-mentioned facts is that Mr. Goldhaber did not petition to withdraw as appellant's counsel until March 16, 1977. There is also some evidence of these facts in the transcripts of the proceedings on April 26, 1978 and May 1, 1978 on appellant's motion to suppress appellee's statement in the absence of transcript which was granted by the Superior Court per curiam. However, these hearings took place long after this case was filed and argued in the Superior Court.

court denied the request for continuance basing its decision on the history of delays in the case. Our Supreme Court reversed, by analyzing the following factors: whether there was prejudice to the opposing party by a delay, whether opposing counsel was willing to continue the case, the length of the delay requested and the complexities involved in presenting the case.

When applying these factors to the case before us, we find that the delay requested was to the next jury trial list, i. e., a delay from the March list until the September list. This is substantially longer than the one week request in *Nerkowski.* This longer delay would prejudice the appellee in that counsel for appellee was prepared to proceed, witnesses were ready and available, which could not be guaranteed in September. Appellant's brief states that opposing counsel was not opposed to the delay while the appellee's brief states to the contrary. Finally, the case before us involved a rear end collision, while the case in *Nerkowski* involved a difficult and controversial damage issue involving personality disorders. Although every case has some degree of complexity, a rear end collision with the injuries as reported in the medical records before us [4] indicates the matter was not a complex one to present at trial.

There is the additional factor to be considered here in that counsel for appellant did not make his "satisfactory excuse," if in fact there was one, known to the court on the day of the trial, March 22, 1977. We recently decided an issue similar to this in *Dublin Sportswear v. Charlett,* 253 Pa.Super. 246, 384 A.2d 1325 (1978). There, the attorney for the defendant had a conflicting commitment on the day of trial. Despite a phone call to the attorney by the judge assigned to the case, counsel failed to appear and the trial proceeded ex parte. We affirmed the denial of defendant's motion for new trial, holding that counsel had not made a satisfactory excuse known to the calendar control judge on the morning

4. The doctor's reports state that the prognosis for appellant's recovery from her injuries is good with little chance of any permanent disability.

of the trial. Instead, he informed opposing counsel of his other commitment and never sought a continuance.

In the case before us now, the only mention of a conflicting commitment is in appellant's brief. Allegedly, appellant's counsel told opposing counsel and the chief minute clerk the day before trial or the day of the trial that he had a medical examination to attend. The only information available to the calendar control judge at that time, as far as we can glean from the record before us, is that one prior continuance had been granted on the basis of inadequate time to prepare. There is no further mention of the need for the client's file or for additional time. For all these reasons the court did not abuse its discretion in refusing to take off the nonsuit properly entered under Pa.R.Civ.P. 218.

Our decision here is not meant to detract from the language used by our Supreme Court in *Budget Laundry Company v. Munter,* 450 Pa. 13, 298 A.2d 55 (1972). It is true cases are not just "punches in computer cards" that are to be rushed through the courts merely to promote their expeditious flow. However, one distinguishing fact in *Budget* is that a 3 to 4-day continuance was requested in which the case could have been disposed of within the same trial term without prejudice to the parties.

Appellant relies heavily on *Bierstein v. Whitman,* 355 Pa. 515, 50 A.2d 334 (1948) in arguing that she has an absolute constitutional right to counsel of her choice which would be infringed upon by our decision here. *Bierstein* involved a medical malpractice claim against a dentist. The plaintiff resided in a different county than the one in which the case was being tried, and her attorney withdrew from the case without leave of court. There, the court held it was an abuse of discretion for the lower court to refuse to take off a nonsuit that was entered after new counsel's request for a one-day continuance was refused. These facts alone distinguish the case from the one before us. The request for continuance in *Bierstein* was short, only one day, while the request in the case before us was until the next jury trial list. *Bierstein* involved a difficult medical malpractice suit

while we have a rear end collision before us. Finally there were additional difficulties in *Bierstein* since the plaintiff resided in another county. The facts there justified taking off the nonsuit; the facts here do not.

 As for the constitutional right to be represented by counsel of one's choice, appellant contends, this right is applied to civil cases as suggested in *Nestor v. George*, 354 Pa. 19, 46 A.2d 469 (1946) and expressly conferred by statute in civil cases in 17 P.S. § 1601.[5] However, even in the criminal context, the right to be represented by the counsel of one's choice is *not* absolute in all cases. See *Commonwealth v. Merritt*, 227 Pa.Super. 257, 323 A.2d 875 (1974); related context in *Moore v. Jamieson*, 451 Pa. 299, 306 A.2d 283 (1973). Appellant, in this case, took her chances in changing counsel three days before trial. Since there is no evidence of malpractice on the part of her then acting attorney, or the attorney to which the case had been referred, i. e., Mr. Dan Berger, we do not feel appellant's right to counsel was infringed.

 Finally, appellant contends Pa.R.Civ.P. 218 was improperly applied because the calendar control judge authorized the chief minute clerk to select the jury for plaintiff in the absence of counsel. Appellant contends the chief minute clerk is not the "prothonotary or . . . any attorney of the court" authorized by the rules to participate in jury selection. The trial policy rules of Allegheny County interpret this section of Pa.R.Civ.P. 218 to include a clerk of the court; and the usual practice is to allow the chief minute clerk to exercise the challenges. We do not disagree with the Allegheny Trial Policy in that the chief minute clerk is an attorney of the court in an agency sense.[6] Also, there is no indication that the prothonotary, or any attorney, in the

---

5. "In all civil suits or proceedings in any court within this commonwealth, every suitor and party concerned, shall have a right to be heard, by himself and counsel or either of them."

6. Black's Law Dictionary (1968) defines "attorney" "[i]n the most general sense . . . [as] an agent or substitute, or one who is appointed and authorized to act in the place or stead of another."

professional sense, who would be authorized to select the jury on a case he or she was unfamiliar with would insure any more rights for the appellant.[7]

As we concluded in *Dublin Sportswear v. Charlett*, supra, 253 Pa.Super. at 253–254, 384 A.2d at 1329,

"Although strict and literal compliance with the Rules of Civil Procedure is not advocated whenever the ends of justice will not be met, we are not convinced that the ends of justice would be served by deviating from the rules under these circumstances."

Order of the lower court affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

7. Plaintiff raises the additional argument that the Allegheny Trial policy rules are in contravention with the case law and rules of civil procedure promulgated by our Supreme Court. Since there is no indication the lower court relied on any of the specific trial policy rules here, we need not reach that argument.