Joseph J. Keenan *v.* William H. Quigg and James Mc-
Linden, trading as Quigg and McLinden, Appellants.

*Judgment—Motion to strike off—Laches—Review.*

Where the defendant took no appeal from a judgment and failed to pro-
ceed with a rule to strike off same for some eighteen months, such laches
is manifested that the appellate court will not disturb the action of the
court below in discharging a second rule to strike off the judgment and
stay proceedings, taken after execution had proceeded to a venditioni
exponas.

Argued Oct. 22, 1897. Appeal, No. 25, Oct. T., 1897, by
defendants, from order of C. P. No. 3, Phila. Co., June T., 1894,
No. 1234, discharging rule to strike judgment from record.
Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY
and PORTER, JJ. Affirmed.

Rule to strike off judgment.

It appears from the record that judgment was entered in the
above case for want of an affidavit of defense, and damages
assessed for $264.56.

The facts sufficiently appear in the opinion of the court.

The court discharged the rule to strike the judgment from
the record. Defendants appealed.

*Error assigned* was refusal to strike judgment from the record.

*M. J. O' Callaghan,* for appellants.—Before the passage of the
procedure act of 1887, it was held that a rule to plead, and a
plea filed in response thereto, was a waiver of the right to enter
judgment for want of a sufficient affidavit of defense : Johnston
v. Ballentine, 1 W. N. C. 626 ; Fuoss v. Schleines, 15 W. N. C.
192; O'Neill v. Rupp, 22 Pa. 395.

It has been held that the new procedure act of 1887 did not
change the rule of law in this particular: Bank v. Stadelman,
153 Pa. 634; Richards v. Mink, 46 L. I. 138; Bolt & Nut
Works v. Schultz, 6 C. C. Rep. 346.

It may be conceded that the right to an affidavit of defense
may be waived : Horner v. Horner, 145 Pa. 258 ; Richards v.
Mink, 46 L. I. 138.

Being for irregularity apparent on the face of the proceedings it, a rule to strike off a judgment, is in the nature of a demurrer to the record, and is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of, nor affected by matters dehors the record, except so far as defendant may have put himself in position to be estopped from making the objection : Mitchell on Motions and Rules, 75, quoted in North v. Yorke, 174 Pa. 349; Adams v. Grey, 154 Pa. 258.

The court has power to strike off a judgment for want of jurisdiction or other fatal irregularity appearing on the face of the record : France v. Ruddiman, 126 Pa. 257 ; North v. Yorke, 174 Pa. 349 ; Phila. v. Jenkins, 162 Pa. 452 ; Miller v. Neidzielska, 176 Pa. 409.

*J. L. Long,* for appellee.—As to the question of laches, cited Littster v. Littster, 151 Pa. 474.

It has never been decided that a rule to plead and a plea filed in answer thereto was a waiver of the plaintiff's right to require any sworn defense whatever : Barnitz v. Bair, 2 Chest. Co. 480 ; Hoffman v. Locke, 19 Pa. 57 ; Endlich on Aff. Def. sec. 650.

OPINION BY PORTER, J., November 19, 1897 :

The record in this case discloses an anomalous method of procedure. The summons was returned served on the first Monday of August, 1894. On December 5, 1894, a plea was filed to a statement and rule to plead served on the defendants, but which statement and rule seem not to have been filed of record until January 30, 1895. On February 1, 1895, an affidavit of service of a copy of statement on November 24, 1894, was filed. On March 13, 1895, a judgment was entered for want of an affidavit of defense, notwithstanding the fact that the cause would seem to have been at issue on the plea. On April 18, 1895, a rule appears to have been entered to strike off the judgment, but was neither proceeded with nor disposed of. Nearly eighteen months thereafter, on October 14, 1896, a writ of fieri facias was issued, and subsequently, on November 13, 1896, a venditioni exponas. On November 19, 1896, a second rule was entered to strike the judgment from

the record, proceedings to stay, sur petition of one of the defendants. On January 16, 1897, the rule was discharged, and on January 25, 1897, an appeal was taken to this court from that order.

We do not find it necessary in this case to determine whether a rule to plead is, since the Procedure Act of 1887, a waiver of the right to an affidavit of defense.

The defendants took no appeal from the original judgment, and failed to proceed with the rule taken on April 18, 1895, to strike off the judgment. This was such laches on their part as to prevent their successful appeal to the court for relief. We are the more reluctant to disturb the action of the court below, in view of the fact that nowhere on the record have the defendants attempted to set up a substantial defense on the merits of the cause.

Judgment affirmed.