## St. Paul Fire and Marine Insurance Company *v.* Boscia, Appellant.

Submitted April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Leonard E. Sweeney,* for appellant.

*Aaron Cohen,* for appellee.

OPINION BY VAN DER VOORT, J., December 11, 1974: The appellant, Louis Boscia, appeals to this Court from an Order of the Court of Common Pleas of Allegheny County; the Order of Court was issued on October 1, 1973. This case presents what might well be termed a procedural "quagmire" and a history and discussion of the complicated events leading to the October 1st Order is a necessary precedent to any resolution of the varied issues, claims and representations made by appellant and appellee.

On November 13, 1972, the plaintiff-appellee filed a Complaint in Assumpsit against the defendant-appellant, alleging a debt due to past business dealings between the parties. The appellant, within twenty days

of the service of the Complaint, filed an Answer. In the Answer, appellant responded to each allegation in the Complaint with either an admission or simply with the word "denied."

On June 20, 1973, the parties appeared before the lower court for a pre-trial conference. At this time counsel for appellee presented a motion for judgment on the pleadings as a result of appellant's Answer being in the form of a general denial. (See Pennsylvania Rules of Civil Procedure, Rule 1029). Appellant's counsel made a motion for leave to amend his Answer but this request was denied.

It is at this point of the proceedings that the factual histories offered by the parties are divergent and present a perplexing and somewhat troublesome problem for this Court. Counsel for the defendant-appellant claims that a copy of the plaintiff-appellee's motion for judgment on the pleadings was never served on appellant's counsel; he further claims that the motion was not put on the argument list for the Court en Banc as is allegedly required by local court rules. Further, appellant's counsel maintains he left the conciliation ". . . under the impression that the order for judgment on the pleadings would not be signed, but that negotiations with appellee's counsel would remain open for a reasonable time." Next, counsel for appellant claims he was unaware that judgment had been entered for appellee until July 20, 1973 (one month after the conciliation) when he received a copy of a letter sent to his client by appellee's counsel requesting payment of the judgment.

Counsel for appellee relates a contrary version of the facts. He claims that statements by appellant's counsel are without credibility. He notes that during the pre-trial conciliation, counsel for appellant was advised by the lower court that it would issue judgment for failure to plead responsively. Following this

notice, counsel for appellant allegedly informed both the judge and appellee's counsel that he would agree to the judgment.

Disregarding for the time being what set of facts accurately describes the events of the conciliation, the record shows that on July 26, 1973, upon appellant's motion, another Judge of the Allegheny County Court issued a rule upon appellee to show cause why the judgment entered July 20, 1973, should not be opened or stricken. Along with the rule to show cause, the Court stayed all proceedings and ordered appellant to post bond in the amount of the judgment, $25,500.00. The appellee, on October 1, 1973, successfully moved (before the original Judge who granted judgment) to have the July 26, 1973 Order vacated for appellant's failure to post the required bond. Appellant files the instant appeal from the October 1, 1973 Order.

On the present appeal, the appellant argues that the October 1, 1973 Order should not be given effect as it will in turn make effective a legally invalid judgment on the pleadings granted on June 20, 1973. Appellant further maintains that it was a denial of due process to vacate the stay order he requested simply because he was allegedly financially unable to post the required security. The appellee, on the other hand, argues that the appellant's original petition to open judgment was defective in certain particulars and thus no rule to show cause should have been granted. It is reasoned also that the appellant's due process claims are "spurious," since the "lower court . . . abused its discretion by directing the opening of judgment upon a defective petition. . . ."

After a review of the proceedings of record, and without reliance upon the conflicting allegations of fact asserted by counsel,[1] we are convinced that appel-

---

[1] While this Court is confused by the conflicting claims of counsel, it is not this confusion alone which bothers this Court.

lant's claim must be dismissed. When appellant filed the petition which resulted in the July 26, 1973, stay order, the record shows he was well aware of his duty to post the bond, *in the amount set by the learned lower court,* as a condition of the Order. It is abundantly clear that he chose to ignore this obligation for over two months, and raises the claim of indigency for the first time in this appeal of the October 1, 1973 Order.

The record is devoid of proof of any effort on the part of appellant to have the bond lowered or eliminated. No motion or petition for reduction of the bond was filed and appellant in actuality seems to attempt such action as an afterthought by the vehicle of the instant appeal. It is clear that such matters cannot be raised for the first time at this appellate stage of the proceedings. It was appellant's duty to make some effort or take some action in the court below to have the bond reduced if he then wished to do so. Claims of indigency preventing the posting of bond as a condition of a supersedeas do indeed present interesting question of due process. In the posture of the present proceedings, however, considerations of such issues by this Court would be inappropriate. Compare *Keenan v. Quigg*, 6 Pa. Superior Ct. 58 (1897).

The October 1, 1973 Order of the lower court is affirmed.

---

We find it to be unprofessional for counsel to misstate the facts and circumstances surrounding the conciliation meeting with the lower court on June 20, 1973. Since the events of that meeting are not germane to our ultimate disposition in this matter, we find it unnecessary to hold hearings in the lower court to resolve the factual dispute related by counsel concerning that meeting. Suffice it to note that if we felt such a resolution necessary to our decision here, this Court might well be disposed to recommend appropriate disciplinary proceedings for counsel for any purposeful misstatements asserted to this Court in this case or any other case where appropriate.