## Warren v. Feeser

*Donald G. Oyler*, for plaintiff.
*Donald S. Marritz*, for defendant.

MacPHAIL, P. J., May 2, 1975.—This case brings before this court for the first time the question of whether the court may permit an alleged indigent tenant to proceed with an appeal from a judgment entered against him by a district justice of the peace in a landlord-tenant proceeding without the payment of costs or the posting of the bond required by Rule 1008(b) of the Supreme Court Rules for Justices of the Peace in order that the appeal will operate as a supersedeas and stay all proceedings.

Procedurally, the case is in this posture: a judgment was taken against defendant, Feeser, after a hearing in a landlord-tenant proceeding before a district justice of the peace; the judgment awarded possession of the real estate to plaintiff and damages of $100 for unjust detention; an order for possession was issued by the district justice of the peace and served upon Feeser; Feeser then filed a petition in this court for leave to file an appeal in forma pauperis and for a waiver of the bond required by Rule 1008(b), supra, thus permitting the appeal to operate as a supersedeas; we entered an order authorizing Feeser to appeal without payment of costs and without the filing of the bond, using as our authority the provisions of the Act of June 24, 1885, P. L. 159, 42 PS §762; the prothonotary

gave notice to the district justice of the peace that an appeal had been filed and that our order constituted a supersedeas; the plaintiff-landlord then filed a motion to have our order amended to strike out the reference to the bond waiver or, in the alternative, we are asked to direct the prothonotary to correct the notice of appeal he sent to the district justice of the peace by removing the reference to a supersedeas; that motion was answered and we ordered the matter for hearing and/or argument.

Section 2 of the Act of 1885, supra, provides as follows:

"Aldermen and justices of the peace shall have the same right to demand and receive the costs as aforesaid, before issuing a transcript of a judgment recovered before them, for entry in the court of common pleas, or other purpose; and the party paying the same shall be entitled to recover them from the party legally liable to pay the same: Provided however, That any party to a suit before an alderman or justice of the peace shall have right to appeal, and demand and receive transcripts, without payment of costs as hereinbefore provided, on their making and filing, with the alderman or justice of the peace, an affidavit that they are unable, through poverty, to pay the said costs": June 24, 1885, P. L. 159, sec. 2.

We must agree with counsel for the landlord that the most that that law provides is the waiver of *costs* for an alleged indigent. The statute does not mention a bond in any respect and, therefore, would be inapplicable to the situation now before us.

Subsection B of Rule 1008, supra, provides, in pertinent part, as follows:

"When an appeal is from a judgment for the possession of real property, receipt by the justice of the peace of the copy of the notice of appeal shall operate as a supersedeas *only* if the appellant files with the prothonotary a bond, with surety approved by the prothon-

otary, conditioned for the payment of any judgment for rent and for damages growing out of occupancy of or injury to the premises rendered against the appellant on appeal. . . ." (Emphasis supplied.)

Feeser attacks Rule 1008 as being in violation of his constitutional rights to due process of law and equal protection under the law.

To our knowledge, there are no appellate cases in Pennsylvania to guide us. However, in St. Paul Fire and Marine Insurance Corp. v. Boscia, 231 Pa. Superior Ct. 165, 331 A. 2d 696 (1974), Judge Van der Voort observed (at page 698 A. 2d) that "Claims of indigency preventing the posting of bond as a condition of a supersedeas do indeed present interesting questions of due process." However, the court declined to reach those issues in that case because it would be "inappropriate" to do so. The case involved a motion to open or strike a judgment. The lower court issued a rule upon the judgment holder to show cause why the judgment should not be opened or stricken and directed that all proceedings stay upon the filing of a bond in the amount of the judgment, $25,000. When no bond was filed, the lower court's order was vacated on motion of the judgment holder. The judgment debtor appealed and, for the first time, raised on appeal a claim of indigency. The Superior Court dismissed the appeal, noting that it was now too late for appellant to raise the question of the elimination or reduction of the bond because of appellant's indigency.

Feeser, in the proceedings now before us, would have us reason that the language of the Superior Court in that opinion, relating to the judgment debtor's failure to raise the issue of having the bond "lowered or eliminated" at the trial court level, implies that there is some authority for the trial court to do so. Such reasoning would be tenuous at best, especially in view of the observation of the Superior Court that that very issue presents "interesting questions of due process."

Rule 1008 was promulgated by the Supreme Court of Pennsylvania June 1, 1971. Pa. R.C.P. 1137, relating to divorce proceedings by indigent persons, was last amended on October 5, 1971. That rule was promulgated following the decision of the United States Supreme Court in Boddie v. Connecticut, 401 U.S. 371, 28 L.Ed. 2d 113 (1971). One cannot say that the Supreme Court of Pennsylvania has not been aware of the rights of indigent litigants (civil or criminal). However, the fact that the Supreme Court has not acted in the years since 1971 to amend or strike Rule 1008 seems very significant to us.

Pennsylvania has no broad-based statutes similar to that enacted by the Congress of the United States relating to the waiving of fees, costs or security by the Federal courts where parties are unable to pay or furnish such items: Act of June 25, 1948, as amended, 62 Stat. 954, 28 U.S.C.A. §1915. Even the Supreme Court of the United States has not applied the provisions of that act without limitation. In United States v. Kras, 409 U. S. 434, 34 L. Ed. 2d 626 (1973), that court declined to permit an alleged indigent person to file a petition in bankruptcy without paying the requisite filing fee, holding that neither the Act of 1948, supra, nor Boddie v. Connecticut, supra, were controlling.

In Noyes v. Brooks, 174 Pa. 632 (1896), the Supreme Court of Pennsylvania held that the trial court could not relieve a party appealing an award of arbitrators from the filing of a recognizance in the absence of statutory authority to do so. Significantly, the statute under which that case arose (Act of June 16, 1836, P. L. 301), *did* provide that the court could relieve a party from the payment of costs (compare the Act of 1885, supra).

It will be observed in the case now before us that the tenant had a full hearing before the district justice of the peace and that his right to an appeal has been protected by the waiver of the costs. The matter of the

supersedeas bond is for the protection of the landlord who is out of the possession and enjoyment of his real estate. If the law in this respect should be changed, this is a legislative matter or a matter for the rule making power of the Supreme Court. Feeser's right to an *appeal* has not been restricted. Both the Constitution of Pennsylvania (in article V, sec. 9) and Rule 1003 of the Supreme Court Rules for Justices of the Peace permit him to appeal *without* the filing of a bond. However, neither the rule nor the Constitution prohibit the requirement of a bond in order that the appeal may have the effect of a supersedeas. See note following Rule 1003.

In summary, we conclude that there is no statutory authority for this court to excuse the filing of a bond for the purpose of making an appeal from a judgment by a district justice of the peace in a landlord-tenant proceeding a supersedeas; that Rule 1008, supra, is binding upon us; and that Feeser's right to equal protection of the laws and to due process of law have not been violated.

## ORDER

And now, May 2, 1975, the order of this court entered February 5, 1975, is hereby vacated. Leave is granted to Donald Feeser to appeal from the judgment entered before District Justice of the Peace Harold Deardorff in the above matter without payment of costs. Further proceedings in this matter shall be governed by the Supreme Court Rules of Civil Procedure governing actions and proceedings before justices of the peace relating to appeals in civil matters, Rules 1002-1008, inclusive, except that Elmer Warren, Manager, Kings Valley, Inc., shall have 20 days from this date to file a complaint and Donald Feeser shall have ten days from this date to file a bond if the appeal is to operate as a supersedeas.