Opinion by
 

 Ervin, J.,
 

 This is an appeal from a decree of the court below granting a divorce a.v.m. to the husband-plaintiff, Michael A. Fiorilli, from the wife-defendant, appellant, Virginia B. Fiorilli, on the ground of indignities to the person.
 

 The court below referred this case to a master who recommended a divorce after a full hearing and after 581 pages of testimony were taken.
 

 It is incumbent upon us to examine the testimony in divorce cases heard without a jury and to determine therefrom, independently of the findings of a master or the court below, whether in truth and in fact a legal cause of divorce has been made out:
 
 Shoemaker v. Shoemaker
 
 (1962), 199 Pa. Superior Ct. 61, 184 A. 2d 282;
 
 Boyer v. Boyer
 
 (1957), 183 Pa. Superior Ct. 260, 130 A. 2d 265. The master’s report, although advisory only, is to be given the fullest consideration as regards the credibility of witnesses whom he has seen and heard, and in this respect his report should not be lightly disregarded:
 
 Shoemaker v.
 
 Shoemaker, supra;
 
 Green v. Green
 
 (1956), 182 Pa. Superior Ct. 287, 126 A. 2d 477. The master and the court below found that the plaintiff was a very candid and honest witness and the defendant hesitant, evasive, inconsistent and not credible. After having reviewed the entire record, we are of the same opinion.
 

 The parties were married on July 1, 1950 in Pittsburgh and they resided for most of their married life in a third floor apartment in the home of the wife’s parents.
 

 It is undoubtedly true that a major difficulty with the marriage was that the wife had a condition at the entrance of the vagina which rendered normal sexual
 
 *531
 
 intercourse impossible. Within two months after the marriage and again in 1954 or 1955 the husband told his wife to see a doctor about her condition. She said she didn’t want to go; that she was glad she couldn’t have intercourse with him; that she did not want children by him.
 

 In May of 1961 the defendant was advised by Dr. Vilsack, after an examination, that her condition could be corrected by surgery. In spite of this fact, the defendant failed and refused to take any action until after the plaintiff became separated from her in January 1962. Then she submitted to surgery and the condition was corrected.
 

 In addition to the physical problem of the wife, it is clear from the evidence that the defendant manifested her hatred of the plaintiff by calling him vulgar names and by swearing at him. Furthermore, she would address him as a “goof” and “nut,” both in private and in public. She belittled him by making him sleep on the couch; she refused to speak to or associate with his parents; she ignored his friends and other relatives and she pushed and shoved him away on many, many occasions when he attempted to embrace her; finally, she falsely accused him of running around with another woman.
 

 The foregoing acts were sufficient to establish a course of conduct that subjected the husband to a combination of disdain, contempt, neglect, vulgarity, ridicule, unmerited reproach, and a clear manifestation of settled hate and estrangement which constitutes indignities to the person:
 
 Perate v. Perate,
 
 200 Pa. Superior Ct. 579, 189 A. 2d 903.
 

 Decree affirmed.