582 A.2d 1335

**Kenneth R. BRITTON, Appellee,**

v.

**Ruth F. BRITTON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 2, 1990.

Filed Dec. 3, 1990.

44

Mary A. Etter Dissinger, Marysville, for appellant.

Samuel L. Andes, Lemoyne, for appellee.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Ruth F. Britton appeals from two orders of the Court of Common Pleas of Cumberland County granting bifurcation and a decree in divorce under Section 201(d) of the Divorce Code, 23 P.S. § 201(d). Appellant presents the following issues for determination: (1) whether appellant and appellee lived separate and apart for the required three-year period in order to justify the entry of a decree in divorce under § 201(d) of the Divorce Code, and (2) whether appellee's allegations in his complaint in divorce are in compliance with the requirements of § 201(d) of the Divorce Code.[1] We reverse the trial court's order granting divorce.

Appellant Ruth F. Britton and appellee Kenneth R. Britton separated from marriage in July of 1985. The marital home was sold, and the parties continued separate residences until April of 1987. During April of 1987, the parties discussed a possible reconciliation; and in May of

---

1. We need not consider appellant's second issue presented, as we find the first issue dispositive.

the same year, appellant moved into appellee's residence. While the parties were in the process of exploring the possibility of reconciling, they entered into their own "Memorandum Of Understanding," which stated, *inter alia*, that if the reconciliation would fail and the parties were to separate before November 1, 1987, the parties would agree to revert to the bargaining position enjoyed by each party prior to the date of reconciliation. The parties' attempt at reconciliation did in fact fail, as appellant moved out of appellee's residence in late July of 1987.

In July of 1987, appellee commenced an action in divorce; and in August of 1988, he filed a § 201(d) affidavit alleging the parties had lived separate and apart for three years. In response to appellee's complaint, appellant filed an answer and counterclaim in August of 1987. In September of 1988, appellant filed a counter-affidavit, raising the issue as to whether the parties had lived "separate and apart," as that term is defined in the Divorce Code and required for a divorce under § 201(d)(1). A master was appointed, and hearings on this issue were conducted. It was determined that the parties had not lived separate and apart for the required three-year period (due to the three-month reconciliation attempt); and on this basis, the master recommended that a divorce not be entered under § 201(d)(1). Appellee filed an exception to this recommendation, which was sustained by the trial court. The trial court held that the parties had lived separate and apart for a period in excess of three years and, upon reviewing appellee's petition for a bifurcated divorce decree, entered a final decree in divorce. The trial court based its finding on the parties' Memorandum of Understanding from which the court found that the parties had not intended to assume those rights and duties attendant to a marital relationship during their reconciliation attempt.

Of utmost importance is the standard by which this Court is to review the present case. Appellee contends that the trial court's findings of fact may not be disturbed if supported by evidence in the record. Even if this were the

proper standard of review, we would still be unable to find evidence in the record to support the trial court's findings. In reviewing a divorce case, however, it is our responsibility to make a *de novo* evaluation of the record and to determine independently of the lower court whether a legal cause of action exists. *Mackey v. Mackey*, 376 Pa.Super. 146, 150–52, 545 A.2d 362, 364 (1988), *citing Flynn v. Flynn*, 341 Pa.Super. 76, 491 A.2d 156, 158 (1985); *Vajda v. Vajda*, 337 Pa.Super. 573, 487 A.2d 409 (1985); *Jones v. Jones*, 311 Pa.Super. 407, 457 A.2d 951 (1983).

We must, then, apply the Divorce Code § 201(d) to the facts before us. Section 201(d)(1) of the Divorce Code reads:

It shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least two (2) years, and that the marriage is irretrievably broken, and:

(i) the respondent does not deny the allegation set forth in the affidavit or

(ii) the respondent denies one or more of the allegations set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least two (2) years and that the marriage is irretrievably broken.[2]

Thus, in order for appellee to be entitled to a divorce under § 201(d)(1), the parties must have lived "separate and apart" for a period of three years because the parties separated prior to the effective date of the 1988 amendments to the Divorce Code. Appellant contends that the trial court's determination that the parties lived separate

2. A three-year requirement was reduced to two years by a 1988 amendment to the Code. Section 7 of Act 13, 1988 provides that the reduced time period in section 201(d)(1) applies to final separations which begin on or after the effective date of this act. For final separations beginning prior to the effective date of the amendment, the three-year time period applies. Therefore, the three-year time limit applies to the case at hand.

and apart for a period of three years was not supported by the evidence.

Under the Divorce Code, "separate and' apart" is defined as the "complete cessation of any and all cohabitation." 23 Pa.S.A. § 104. In *Thomas v. Thomas*, 335 Pa.Super. 41, 483 A.2d 945, 948 (1984), this Court held "cohabitation" to mean "the mutual assumption of those rights and duties attendant to the relationship of husband and wife." *See also, Miller v. Miller*, 352 Pa.Super. 432, 508 A.2d 550 (1986); *Mackey v. Mackey*, 376 Pa.Super. 146, 545 A.2d 362 (1988).

In the *Mackey* case, *supra*, we found that the parties lived "separate and apart" despite the fact that the parties resided in the same home. We considered to be critical the fact that the parties had private living quarters, no longer had a public social life together, and ceased sexual relations.

In the present case, the record indicates that during the three-month period in which the parties attempted reconciliation, they resumed living together and ceased to maintain separate residences. In addition, they jointly purchased a townhouse, shared the same bedroom and resumed sexual relations, shared a joint checking account, and had a social life as husband and wife. Clearly, upon these facts, one can hardly say that the parties were living "separate and apart," as defined by the Divorce Code and interpreted by the above cases.

To the contrary, the trial court found that the parties had a "joint specific intent not to assume those rights and duties attendant to a marital relationship." The court based its decision on the memorandum of the parties dated April 26, 1987, wherein the parties reserved unto themselves the "bargaining position" enjoyed by each prior to the date of reconciliation if the reconciliation should fail. The court interpreted this to mean that the parties did not intend to assume the rights and duties attendant to the relationship of marriage when they attempted reconciliation for three

months. Appellee urges this Court to agree with this analysis; however, we find it to be unconvincing.

Appellee, as did the trial court, loses sight of the fact that the legislature of this state has expressly provided that the parties must live "separate and apart" in order for a divorce to be granted under § 201(d)(1). Additionally, the legislature has even defined "separate and apart" as "the complete cessation of any and all cohabitation, whether living in the same residence or not." The statute does not provide the parties with the power to circumvent its requirements by a separate written agreement, which has been attempted in this case. It is simply not within the power of the parties, nor this Court, to rewrite the Divorce Code. Appellee contends that the policy of the Commonwealth in encouraging reconciliation will be furthered by an opposite result in this case. While this reasoning is appealing, we cannot disregard express statutory language for the sake of public policy. If statutory language conflicts with the policy of the Commonwealth, it is for the legislature to correct.

Our opinion is limited in application to those provisions of the Divorce Code which enumerate the grounds upon which a court may grant a divorce. In no way should our holding be understood to compromise the well-established rights of parties to enter into contracts affecting other aspects of the marital institution. Clearly, the rights and obligations of the parties in many areas affected by the dissolution of a marriage can be determined and altered by private agreement despite the existence of specific statutory provisions which would operate in the absence of such agreements. For instance, while this Court has found that the Divorce Code does not authorize the award of alimony to extend past the payor's death, the parties may voluntarily agree otherwise. *Chaney v. Chaney*, 343 Pa.Super. 77, 86–87, 493 A.2d 1382, 1387 (1985). *See also Myers v. Myers*, 375 Pa.Super. 351, 544 A.2d 506, 508 (1988) (parties can contract to have support obligation of payor spouse survive him and bind the estate). Likewise, separation agreements which make no provision for the cessation of

alimony payments upon cohabitation with the opposite sex by the recipient spouse cannot be avoided by the payor spouse despite the fact that the Divorce Code would have "awards of alimony" terminate upon such an occurrence. 23 Pa.C.S.A. § 507 (Purdon Supp.1990). Moreover, although the Divorce Code clearly manifests a policy against "double support" in § 507, that policy will not overcome the validity of an otherwise unimpeachable separation agreement. *See VanKirk v. VanKirk*, 336 Pa.Super. 502, 504–06, 485 A.2d 1194, 1196 (1984); *Litwack v. Litwack*, 289 Pa.Super. 405, 409–11, 433 A.2d 514, 516 (1981).

■ Furthermore, parties can, by stipulation, exclude certain property from what would otherwise be considered part of the marital estate under the statute. *See Barner v. Barner*, 364 Pa.Super. 1, 527 A.2d 122 (1987); *Sutliff v. Sutliff*, 361 Pa.Super. 504, 522 A.2d 1144 (1987). Finally, agreements extending, limiting or even waiving support and alimony regularly are enforced despite the extent to which the statute would have enabled the recipient to argue for considerably greater or lesser amounts. *Simeone v. Simeone*, 525 Pa. 392, 581 A.2d 162 (Pa., 1990); *Laub v. Laub*, 351 Pa.Super 110, 505 A.2d 290 (1986). These cases reflect the recognition that generally parties have great latitude in directing the resolution of disputes upon the dissolution of marriage. Assuming that there is no evidence of fraud or overreaching, courts are extremely tolerant of a variety of separation and other agreements affecting marriage and divorce.

■ On the other hand, there are certain incidents of marriage and divorce which the parties are powerless to alter or control. In particular, the parties cannot privately agree as to when and on what grounds it shall be lawful for the court to enter a decree of divorce. The grounds for divorce are created by and specifically enumerated in the Divorce Code. 23 Pa.C.S.A. § 201 (Purdon Supp.1990). Section 201 is the exclusive and exhaustive grant of power to the courts describing when "it shall be lawful" to grant a divorce. However fairly and freely the parties enter into a

private agreement, they cannot confer power on the court to grant a divorce on grounds other than those enumerated in the statute.[3] To tolerate this would transform what is purely a legal function over which only a court has jurisdiction (i.e., the entry of a decree of divorce) into a private act. The parties cannot agree between themselves to be divorced except by establishing the grounds and following the procedures mandated by statute. Nor can they decide that grounds other than those enumerated in section 201 empower the court to grant a divorce. Parties cannot, in a Memorandum of Understanding or in any other agreement, stipulate to matters which affect the "jurisdiction and prerogatives of the court." *Foley Bros., Inc. v. Commonwealth,* 400 Pa. 584, 589, 163 A.2d 80, (1960); *see also Lyall v. Lyall,* 240 Pa.Super. 649, 361 A.2d 367, 369 (1976); *cf. Magee v. Magee,* 360 Pa.Super. 66, 519 A.2d 994 (1987) (parties cannot confer jurisdiction by their own action).

█ The parties in the instant case entered into an agreement which attempted to alter the grounds on which it would be lawful for the court to grant a divorce. Their memorandum of understanding, in essence, sought to exempt them from the requirement of living separate and apart for three years before a court lawfully could dissolve the marriage. Appellee's argument is that regardless of their actions during the period of reconciliation, all of which establish plain cohabitation, the parties' private agreement allowed the court to disregard the cohabitation and grant a divorce anyway. The parties, however, were powerless to "waive" the statutory predicate to divorce in this way. They cannot simply erase the period of cohabitation by agreeing that they will act as though it never occurred. The court's jurisdiction cannot be adjusted with such sleight of hand. Since living separate and apart for three years was a prerequisite to the exercise of power by the court in

---

3. Similarly, parties cannot avoid the particular procedures mandated in the Divorce Code by which decrees of divorce are to be obtained. *Laxton v. Laxton,* 345 Pa.Super. 450, 453–55, 498 A.2d 909, 911 (1985).

granting a divorce on this ground, the trial court erred when it dissolved the marriage in this case.

Accordingly, we reverse the trial court's order granting a decree in divorce.