Omer  v.  Omer

C.P. of Lawrence County, no. 826 of 1989 C.A.

*Norman Barilla,* for plaintiff.
*Phillip Clark Jr.,* for defendant.

PRATT, *J.,* June 13, 1996—The plaintiff has filed exceptions to the master's report relative to the economic claims attendant to the parties' divorce action.

The plaintiff, Albert Raymond Omer, and the defendant, Kathleen Ann Omer, were married on September 13, 1969. The plaintiff filed for divorce on August 26, 1989, and a decree in divorce was granted to the plaintiff on September 15, 1995. The parties' economic claims were referred to a master, who conducted hearings on March 16 and April 11, 1995. The master filed his report on July 19, 1995. The plaintiff timely filed exceptions to the report in accordance with Pa.R.C.P. 1920.55.

Before addressing the exceptions, the court notes the standard by which the court is guided when reviewing the master's report. While a master's report is advisory only, it is to be given great deference. *Fiorilli v. Fiorilli,* 202 Pa. Super. 529, 198 A.2d 369 (1964); *Morschhauser v. Morschhauser,* 357 Pa. Super. 339, 349-50, 516 A.2d 10, 15 (1986). In reviewing the master's recommendations, the report should be given "fullest consideration," particularly on issues of credibility. *Kohl v. Kohl,* 387 Pa. Super. 367, 564 A.2d 222 (1989), *affirmed,* 526 Pa. 263, 585 A.2d 463 (1991).

However, a reviewing court has a duty to make a complete and independent review of the evidence presented to the master and to determine whether the master's recommendations are appropriate based upon the evidence. *Rollman v. Rollman,* 280 Pa. Super. 344, 421

A.2d 755 (1980). This includes a complete review of the weight and credibility to be given to the testimony of witnesses. In reviewing the record, the court should look for inherent improbabilities in the stories of the witnesses, inconsistencies and contradictions, bias, interest, patent falsehoods, opposition to incontrovertible physical facts, and other facts by which credibility may be ascertained. *Id.* at 351, 421 A.2d at 758-59. However, because the master is the one hearing the testimony and observing the demeanor and appearance of the witnesses, any issue of credibility must be resolved by giving the master's findings the fullest consideration. *Rorabaugh v. Rorabaugh,* 302 Pa. Super. 1, 448 A.2d 64 (1982).

## EXCEPTION I.

The plaintiff's first exception is that the master abused his discretion when he determined that the defendant has dire needs because of the parties' separation.

In determining the equitable division of marital property pursuant to 23 Pa.C.S. §3502, the master must consider "The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties." 23 Pa.C.S. §3502(a)(3). In considering these factors in this case, the master found:

"The parties' income, vocational skills, employability and respective needs are drastically different. Mr. Omer's position pays $2,530 per month gross. His job is very secure and he has a generous pension and health care plan. He can retire in eight years with 30 years service. Mrs. Omer has a very limited income of $5.90

per hour and she averages 35 hours per week and will likely be reduced in the future. Her age, education level, lack of vocational skill and bleak job market, all indicate a lack of future employability and opportunity to increase her income. The needs of the defendant as opposed to plaintiff are significant with $570 net monthly income, with standard expenses, the defendant has dire needs due to the parties' separation." (Master's report, pp. 2, 3.)

A review of the record reveals the following evidence which supports the master's finding that the defendant has dire needs because of the separation of the parties:

(1) The plaintiff has been employed by the Pennsylvania Turnpike Commission for approximately 22 years and his monthly gross income is approximately $2,530.

(2) The plaintiff has health care benefits and a pension plan through his employment.

(3) The defendant is employed by Thrift Drug and earns $5.90 per hour. The defendant works between 24 and 36 hours per week. Therefore, the defendant earns a gross monthly income ranging from $566 to $850.

(4) Thrift Drug is steadily decreasing the amount of hours that the defendant works.

(5) The defendant does not have health care benefits or pension plan.

(6) The defendant is 52 years old, does not have a high school diploma, and has no vocational skills. For most of the defendant's adult life, she was not employed because she was a homemaker and caretaker

of the parties' children. Consequently, the defendant's opportunity for more lucrative employment is limited.

In summary, the defendant's current unstable income, lack of health benefits and pension plan, and lack of opportunity for more lucrative employment, support the master's finding that the defendant is in dire need because of the separation of the parties. Furthermore, the plaintiff is receiving the same secure monthly income as he was during the marriage and continues to have health care benefits and a pension plan.

Because the record supports the master's finding that the defendant is in dire need because of the separation of the parties, the plaintiff's first exception shall be denied.

## EXCEPTION II.

Next, the plaintiff excepts to the master's finding that the defendant's standard of living has been reduced because of the parties' separation.

In determining the equitable division of marital property pursuant to 23 Pa.C.S. §3502, the master must consider the standard of living of the parties established during the marriage. 23 Pa.C.S. §3502(a)(9). In considering this factor, the master in this case found that the "parties had a middle class standard of living during the marriage and after the separation, the defendant's standard of living has been significantly reduced." (Master's report p. 3.)

The evidence presented to the master revealed that the parties had a combined gross monthly income of over $3,000 during the marriage and, via the plaintiff's employment, had health care benefits and a pension

plan. However, since the separation of the parties, the defendant's standard of living has been reduced because her gross monthly income was reduced to between $566 and $850, she no longer has health care benefits or the benefit of a pension plan, and her opportunity for more lucrative employment is limited.

Therefore, the record supports the master's finding that the defendant's standard of living has been reduced because of the separation of the parties, and the plaintiff's second argument must fail.

## EXCEPTION III.

The plaintiff's third exception raises two issues:

(1) Whether the master erred in concluding that the parties' final separation was at the end of November of 1993?

(2) Whether the master erred in determining that the defendant should receive 55 percent of the plaintiff's pension from July of 1974 through November of 1993?

### 1. *Final Separation Date*

23 Pa.C.S. §3502 provides for the equitable distribution of marital property upon divorce. In defining "marital property," 23 Pa.C.S. §3501(a) refers to property interests acquired during the marriage, but before the date of final separation. 23 Pa.C.S. §3103 defines living "separate and apart" as "complete cessation of any and all cohabitation, whether living in the same residence or not." " '[C]ohabitation' means the mutual assumption of those rights and duties attendant to the relationship of husband and wife." *Thomas v. Thomas,* 335 Pa. Super. 41, 47, 483 A.2d 945, 948 (1984).

In *Britton v. Britton,* 400 Pa. Super. 43, 582 A.2d 1335 (1990), the parties initially separated in 1985, but in 1987 the parties moved back in together for a period of approximately three months in order to attempt a reconciliation. The Superior Court found that the parties had not lived "separate and apart" during the period of time between the initial separation in 1985 and the end of the attempted reconciliation in 1987 because, for three months, the parties resumed living together, ceased to maintain separate residences, and lived as husband and wife.

Analogously, in the present case, the evidence demonstrates that the parties initially separated in 1989; however, in the fall of 1993, the parties were living together for almost two months (October and November) and were seeing a marriage counselor. Therefore, the parties did not cease cohabitation until the end of November of 1993, and the master appropriately determined that final separation did not occur until the end of November of 1993.

## 2. *Distribution of Plaintiff's Pension*

In determining the equitable division of marital property pursuant to 23 Pa.C.S. §3502, the court must consider the following relevant factors:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party, including federal, state and local tax ramifications, at the time the division of property is to become effective.

(11) Whether the party will be serving as the custodian of any minor children.

Equitable distribution does not require an equal division of the marital estate, but the award should produce an equitable result. *Wayda v. Wayda,* 395 Pa. Super. 94, 576 A.2d 1060 (1990).

In the instant case, the master awarded the defendant 55 percent of the marital portion of the plaintiff's pension (the marital portion of the plaintiff's pension consisted of benefits which accrued from July of 1974, the date of hire, through November of 1993, the date of the parties' final separation). A review of the record demonstrates that the master considered all the relevant factors and appropriately awarded the defendant 55 percent of the marital portion of the plaintiff's pension.

The record established before the master shows that the parties were married for 24 years and, during most

of the marriage, the defendant was a homemaker and caretaker of the children and did not work outside of the home. The defendant is 52 years old, does not have a high school diploma and has no vocational skills. Therefore, the defendant is currently working in a low paying position at Thrift Drug making a gross monthly income of between $566 and $850. Additionally, the defendant has no health care benefits and no pension plan.

In contrast, the plaintiff has been working for the Pennsylvania Turnpike Commission since 1974 and currently earns a gross monthly income of $2,530. The plaintiff also has health care benefits and a pension through his employment.

The plaintiff's secure employment, earning power, and acquisition of pension benefits can be attributed in large part to the defendant's contribution as a homemaker during most of the marriage.

Clearly, this evidence supports the master's equitable distribution award; therefore, the plaintiff's third exception shall be rejected.

## EXCEPTION IV.

Lastly, the plaintiff contends that the master erroneously awarded the defendant $520 per month in alimony until the plaintiff's pension enters pay status.

The master considered the relevant factors in determining the alimony award, as required by 23 Pa.C.S. §3701(b). (Master's report pp. 4-6.) An award of alimony may be appropriate when one of the parties has greater income and earning power than the other. 23 Pa.C.S. §3701(b).

Based upon the evidence cited in the court's discussions regarding Exceptions I., II. & III., the court concludes that the master appropriately determined that an alimony award to the defendant of $520 per month, for six to eight years, until the plaintiff's pension enters pay status, is necessary, because she is without sufficient ability or property to meet her reasonable needs, and the plaintiff's income is three times that of the defendant.

Because the evidence supports the recommendations in the master's report, all of the plaintiff's exceptions shall be dismissed and the court shall, accordingly, affirm and adopt the master's recommendations therein. This, the court shall accomplish by an accompanying order.

## ORDER

In accordance with the accompanying opinion, the plaintiff's exceptions to the master's report are dismissed, and the master's recommended order is adopted as follows:

(1) 55 percent of plaintiff's pension from the Pennsylvania Turnpike Commission accrued from July 1974 through November 1993 shall be set aside for the benefit of the defendant pursuant to a qualified domestic relations order to be paid to the defendant when the plaintiff's pension enters pay status.

(2) Plaintiff shall pay the defendant, in the form of alimony, the sum of $520 per month, commencing with the filing of this order, until the plaintiff's pension enters pay status.