## McVicker v. McVicker

C.P. of Fayette County, no. 425 of 1996, G.D.

*Nicholas E. Timperio Jr.,* for plaintiff.
*Benita J. Sumey,* for defendant.

SOLOMON, *J.,* November 9, 1998—Before the court is the motion of the plaintiff seeking a determination that the parties have lived separate and apart for a period in excess of two years. The motion was prompted by the counter-affidavit of the defendant, alleging that the parties had not been separated for a period of two years.

At the hearing on the motion, the plaintiff testified that he separated from the defendant on October 26, 1995, when he left the marital residence. Initially, he lived with a friend for about one year and then moved in with his parents. Other than several brief occasions when he resided at the home of a paramour, he has continued to reside with his parents. Since October 26, 1995, other than to visit, he has not lived in the marital residence. He further testified that the parties have had sexual relations once, that occurring early in 1996. The plaintiff's mother corroborated his testimony as to where the plaintiff has resided since he separated from the defendant.

In support of her contention that the parties have not been separated for two years, the defendant testified that although the plaintiff left the marital residence on October 21, 1995 (not October 26, 1995), the parties maintained a sexual relationship from February 1997 until June 1997, and from November 26, 1997 through January 1998. According to her, after they had engaged in sexual intercourse, the defendant would remain for several hours and then return to his residence. Further, on a number of occasions, she advised the plaintiff that, unlike him, she wanted more to their relationship than sex. No other witnesses were offered.

From the testimony, we conclude that the plaintiff has proven by a preponderance of the evidence that he and the defendant have lived separate and apart in excess of two years, and that they did engage in an act of sexual intercourse early in 1996. Nonetheless, we will address the issue raised by the defendant, to-wit: that the parties engaged in sexual relations within the two-year period.

The Divorce Code defines "separate and apart" as the "complete cessation of any and all cohabitation, whether living in the same residence or not." 23 Pa.C.S. §3103. Although the term "cohabitation" is not defined in the Code, our Superior Court has stated that cohabitation means "the mutual assumption of those rights and duties attendant to the relationship of husband and wife." *Thomas v. Thomas,* 335 Pa. Super. 41, 47, 483 A.2d 945, 948 (1984); *Gordon v. Gordon,* 436 Pa. Super. 126, 647 A.2d 530 (1994). Webster's New Collegiate dictionary defines cohabitation as "living together as husband and wife." Similarly, Ballantine's Law Dictionary defines cohabitation as "[a] dwelling together of man and woman in the same place in the manner of husband and wife." The definitions are appropriate for our purpose and are followed pursuant to the mandate of the Statutory Construction Act. 1 Pa.C.S. §1903.

Hence, cohabitation requires two persons of the opposite sex to reside together in the manner of husband and wife, mutually assuming those rights and duties usually attendant upon the marriage relationship. Cohabitation may be shown by evidence of financial, social and sexual interdependence, by a sharing of the same residence, and by other means. See *Flynn v. Flynn,* 341 Pa. Super. 76, 491 A.2d 156 (1985); *Mackey v. Mackey,* 376 Pa. Super. 146, 545 A.2d 362 (1988);

*Britton v. Britton,* 400 Pa. Super. 43, 582 A.2d 1335 (1990); *Gordon, supra.*

However, "instances of sexual relations during a separation period do not, without more, defeat a claim that the parties have lived separate and apart" in excess of two years. *Thomas,* 335 Pa. Super. at 47, 483 A.2d at 948; see also, *Flynn, supra; Gordon, supra.* "The ties that bind two individuals in a marital relationship involve more than sexual intercourse." *Thomas,* 335 Pa. Super. at 47, 483 A.2d at 948. Even bona fide efforts to achieve reconciliation prior to divorce, including, temporarily, sleeping in the same bedroom and resuming sexual relations, do not interrupt a period of living separate and apart. *Thomas, supra.*

It is clear from the case law that cohabitation involves more than just sexual relations and remaining at someone's house overnight. Thus, even had we found the defendant to be the more credible witness, the plaintiff must still prevail.