## McIntyre v. McIntyre

*Holly L. Stabile*, for plaintiff

*John J. DeCaro,* for defendant

HODGE, *J.,* May 20, 2013—Before the court for disposition are competing exceptions to the recommended order and report of the equitable distribution master filed by the plaintiff, Teresa McIntyre (hereinafter, "wife") and the defendant, Michael McIntyre (hereinafter, "husband"). The relevant factual and procedural background of this case is summarized as follows:

The parties were married in February of 1993 and separated on June 1, 2010. The parties have three minor children: Cody, age 16 years; Logan, age 14 years; and Indiana, age 6 years. During the parties' marriage, husband managed various computer software businesses, which husband began developing prior to marriage. Wife worked primarily as a homemaker and caregiver for the parties' three minor children. In 2006, the parties relocated to Lawrence County, Pennsylvania from La Vernia, Texas. Following the parties' separation, wife returned to La Vernia, Texas. Wife remained in La Vernia, Texas where she continues to reside with the parties' youngest two children, Logan and Indiana. On April 5, 2011, wife filed a complaint in divorce, wherein wife made claims for spousal support, alimony, equitable distribution, counsel fees and other equitable relief.

During the discovery phase, wife's prior counsel filed a motion to withdraw as counsel on June 26, 2012. Within the motion to withdraw as counsel, wife's prior counsel acknowledged receipt of a petition for appointment of master from husband and provided that wife consented to his withdrawal. Husband's counsel did not object

to the motion to withdraw as counsel, provided that his request for appointment of master and any subsequently scheduled hearings not be delayed. On June 27, 2012 this court entered an order of court granting the motion to withdraw as counsel and directing that the equitable distribution hearing would not be continued "on the basis of counsel's withdrawal . . . or Plaintiff's retention of new counsel." *See* order of court dated June 27, 2012. Immediately following wife's prior counsel's presentation of the motion to withdraw as counsel, husband presented a motion to appoint master, which this court also granted. On July 11, 2012 the equitable distribution master scheduled an equitable distribution hearing for August 29, 2012. The master sent notice of the scheduling order on July 11, 2012. Wife had six weeks to obtain new counsel and prepare for the equitable distribution hearing.

On August 9, 2012 wife contacted the master to request a continuance of the equitable distribution hearing. Wife informed the master that she retained John T. Haller, Esquire on July 25, 2012 to represent her in these proceedings. Attorney Haller informed wife on August 8, 2012 that he could not represent wife because he did not have adequate time to prepare. The master denied wife's request for a continuance based on this court's June 27, 2012 order, which prohibited any continuances based on wife's inability to obtain counsel. On August 28, 2012, one day prior to the equitable distribution hearing, wife's present counsel presented this court with a motion for continuance, wherein wife's present counsel stated that she could not attend the August 29, 2012 hearing because she had "three scheduled events" on August 29, 2012. This

court denied wife's second motion for continuance. Wife appeared at the equitable distribution hearing on August 29, 2012 *pro se*. She objected to the case proceeding to a hearing without having counsel present. N.T. August 29, 2012, pp. 5-6.

Following the August 29, 2012 equitable distribution hearing, the master filed a report and recommended order on October 29, 2012. The master filed an amendment to his report and recommended order of November 6, 2012. Both wife and husband filed timely objections to the master's report and recommendations, which are presently before the court for a determination.

In disposing of these exceptions, the court observes that while a master's report is advisory only, it is to be given great deference. *Morschhauser v. Morschhauser*, 357 Pa. Super 339, 516 A.2d 10 (1986); *Fiorelli v. Fiorelli*, 198 A.2d 369 (Pa. Super. 1964). A reviewing court has a duty to make a complete and independent review of the proceeding below. *Rollman v. Rollman*, 421 A.2d 755 (Pa. Super. 1980). In reviewing master's considerations, however, the report should be given "fullest consideration" particularly on issues of credibility. *Kohl v. Kohl*, 564 A.2d 222 (Pa. Super. 1989). The review is intended to discover inherent improbabilities in the stories of the witnesses, inconsistencies and contradictions, bias, interest, and opposition to incontrovertible physical facts by which credibility may be ascertained. *Rollman*, 421 A.2d at 758. However, because the master is the person hearing the testimony and observing the demeanor and appearance of the witness, any issue of credibility must be resolved by

giving the master's findings the fullest consideration. *Id.*

Wife's first exception contends that the equitable distribution master and the court erred in denying wife's motions to continue, presented on August 9, 2012 and August 28, 2012, respectively. Wife argues that she was unduly prejudiced because she was unable to: 1) provide the master with an inventory and expense statement; 2) provide evidence regarding marital assets, which included the husband's soft-ware businesses, real estate and personal property; 3) properly cross-examine husband's testimony and the testimony of husband's expert witness with respect to wife's contribution to husband's business and the value of that business; 4) present evidence to support her claim for alimony and equitable distribution. Wife contends that she was generally prejudiced by being forced to proceed with the equitable distribution hearing without proper representation.

Rule 216 of the Pennsylvania Rules of Civil Procedure sets forth the grounds for continuance. *Rule 216* states:

(1) Agreements of all parties or their attorneys, if approved by the court;

(2) Illness of counsel of record, a material witness, or a party. If requested a certificate of a physician shall be furnished, stating that such illness will probably be of sufficient duration to prevent the ill person from participating in the trial;

(3) Inability to subpoena or to take testimony by deposition, commission, or letters rogatory, of any material witness, shown by affidavit which shall state:

(a) The facts to which the witness would testify if present or if his deposition should be taken;

(b) The grounds for believing that the absent witness would so testify or give his deposition;

(c) The efforts made to procure the attendance or deposition of such absent witness; and

(d) The reasons for believing that the witness will attend the trial at a subsequent date, or that his deposition can and will be obtained;

(4) Such special ground as may be allowed in the discretion of the court."

Pa.R.C.P. 216.

The court looks to the case of *Snyder v. Port Auth. of Allegheny County*, 393 A.2d 911 (Pa. Super. 1978) to evaluate whether it erred in denying wife's requests for a continuance. In that case, the plaintiff discharged her attorney and retained substitute counsel three days before trial was scheduled to begin. *Id.* 393 at 912. At the call of the list, new counsel requested a continuance for additional time to prepare. *Id.* The court granted a seven day continuance. *Id.* At the next call of the list, counsel again reported that it was not ready for trial, but the trial court ordered the case to proceed. *Id.* Five days later, on the day of the trial, the plaintiff and new counsel failed to appear. *Id.* Consequently, the defendant motioned for a nonsuit, and the trial court granted defendant's request. *Id.* at 912-13. Plaintiff appealed the trial court's decision, challenging in part, the trial court's denial of a continuance.

On review, the *Snyder* Court of Pennsylvania stated:

> [W]e do not feel it so unreasonable for the lower court to have granted only a one week continuance in this case based on the grounds of inadequate preparation due to change in counsel. Changing counsel only three days before the case was listed for trial is a risk the appellant must bear, and not the courts.

*Id.* at 914.

The *Snyder* court used a three part test to determine whether the trial court abused its discretion by denying a request for a continuance. The *Snyder* court analyzed "whether there was prejudice to the opposing party by a delay, whether opposing counsel was willing to continue the case, the length of the delay requested and the complexities involved in presenting the case." *Id.* at 914 (citing *Nerkowski v. Yellow Cab Co.*, 259 A.2d 171 (Pa. 1969).

Applying the three part analysis implemented by the *Snyder* court in considering wife's first exception, the court first considers whether husband would have been prejudiced by a delay in the proceedings. Husband did file a response to [wife's] motion for continuance, wherein husband articulated the procedural shortcomings of wife in these proceedings. However, husband's response does not indicate any real prejudice husband might have incurred had this court originally granted wife's request for a continuance.

The court understands that husband was paying a substantial sum to wife for "family" support each month.

A delay in these proceedings might prejudice husband financially because husband would have to continue to pay in excess of $6,000.00 each month to wife. However, the court believes that this prejudice would be more properly cured by a retroactive support order instead of denying wife's continuance. The court additionally acknowledges that husband has paid a substantial sum in attorney's fees, expert costs and master's fees for the August 29, 2012 equitable distribution hearing. Any further hearings would result in husband paying addition fees, which would also be prejudicial. Again, however, the court believes that these additional fees could be offset against wife's share of the marital estate and resulting support award. The court, therefore, concludes that any prejudice suffered by husband can be cured and is deminimus in nature.

The court next considers whether husband opposed wife's motion for a continuance. The record clearly establishes that husband adamantly opposed any continuances in these proceedings. Husband contends that wife consented to her prior counsel's withdrawal and that any resulting conflicts wife may have experienced in retaining new counsel was foreseeable.

Finally, the court considers the length of the continuance requested and the complexities surrounding the underlying action. In each of wife's motions, wife did not specify the length of time necessary to be prepared to try the economic claims pending before the equitable distribution master. In wife's second motion, wife's new counsel stated that she was only unavailable because she had previously been scheduled in three other matters. It is logical to infer

that even a slight delay would have allowed wife's new counsel to be present at the August 29, 2012 hearing.

Additionally, a thorough review of the master's report leads this court to conclude that the economic issues surrounding the parties' divorce were very complex. The marital assets included, in part, three residences with a total fair market value equaling $914,000.00, three businesses, and husband's 401k. Each of the residences were encumbered with substantial mortgages. The court believes that expecting an inexperienced layperson to defend these issues *pro se* would prove to be an extremely difficult task.

While husband argues that wife was afforded every opportunity to present her case to the equitable distribution master, the court believes that Wife was prejudiced by this court's refusal to continue the case. The court believes that wife was diligent in her search for new counsel following her prior counsel's withdrawal on June 27, 2012. Given the fact that an equitable distribution hearing was scheduled within two months of prior counsel's withdrawal, the court understands why wife experienced difficulty in obtaining new counsel; especially considering the existence of the June 27, 2012 order, wherein this court stated that the equitable distribution hearing would not be continued "on the basis of counsel's withdrawal...or plaintiff's retention of new counsel." At least one continuance should have been provided to wife given the complexity of this case.

For the foregoing reasons, wife's first exception to the equitable distribution master's report and recommended order is granted. The remaining exceptions raised by the

parties are dismissed.

## ORDER OF COURT

And now, this 20th day of May, 2013, with this case being before the court for argument on competing exceptions to the master's report and recommended order, with Holly L. Stabile, Esquire, appearing and representing the plaintiff, Teresa McIntyre, and with John J. DeCaro, Jr., Esquire, appearing and representing the defendant, Michael McIntyre, and in consideration of the arguments presented by counsel, as well as the briefs filed on behalf of the respective parties, the court hereby orders and decrees as follows:

1. Plaintiff's first exception to the report and recommended order of court filed by the equitable distribution master is granted.

2. All other exceptions filed on behalf of the parties are dismissed.

3. This case is remanded to the equitable distribution master to schedule a denovo equitable distribution hearing within sixty (60) days from the date of this order of court.

4. All costs incurred by defendant/husband for his counsel fees, expert witness or master's fees relating to the denovo equitable distribution hearing shall be offset against any equitable distribution awarded to plaintiff/wife.

5. The prothonotary shall properly serve notice of this order of court upon counsel of record for the parties and upon Robert J. DiBuono, Esquire.