J. S16044/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COLIN SANKEY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LORRAINE SANKEY, | : | |
| | : | |
| Appellant | : | No. 2267 EDA 2015 |

Appeal from the Order Entered June 22, 2015
In the Court of Common Pleas of Monroe County
Domestic Relations at No(s): 11378 CV 2008
1219 DR 2008

BEFORE: OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 13, 2016**

Appellant, Lorraine Sankey, (Wife) appeals from the June 22, 2015 Order of the Court of Common Pleas of Monroe County denying Wife's Exceptions to Divorce Master's Report and ordering that Appellee, Colin Sankey, (Husband) did not have to pay alimony to Wife. After careful review, we affirm on the basis of the trial court opinion.

Husband and Wife were married on March 24, 2002 in Stroudsburg, Pennsylvania and separated in January of 2008 after an alleged lengthy affair by the Husband and one physical altercation between the parties. Trial Ct. Op., dated 9/8/15, at 1. On November 21, 2008, Husband filed a Complaint for Divorce. *Id.* The parties had no minor children at the time the Complaint was filed. *Id.*

On December 15, 2014, a hearing was held before Divorce Master Robert C. Lear, Esquire, where the only issue presented to the Master for consideration was the payment of alimony by Husband to Wife, as the parties stipulated to other economic claims. *Id.* at 2. On February 12, 2015, the Divorce Master filed his Report denying Wife's request for alimony. On March 4, 2015, Wife filed Exceptions to the Divorce Master's Report. *Id.* On June 22, 2015, the trial court issued an order that, *inter alia*, denied Wife's Exception to the Divorce Master's Report, denied alimony, and granted divorce. Wife filed a timely Notice of Appeal. Wife and trial court both complied with Pa.R.A.P. 1925.

Wife raises the following issues on appeal:

a. Whether the trial court erred by failing to consider the relative liabilities of the parties in its decision regarding alimony?

b. Whether the trial court erred by failing to consider the emotional condition of Wife in its decision regarding alimony?

Appellant's Brief at 2.

Our standard of review in spousal support cases is well settled – this Court must determine whether the trial court has abused its discretion. ***Dudas v. Pietrzykowski***, 849 A.2d 582, 585 (Pa. Super. 2004). Specifically, this Court must decide whether the trial court has "misapplied the law, or has exercised judgment which is manifestly unreasonable, or is the product of partiality, prejudice, bias or ill will as demonstrated by the evidence of record." *Id.* (internal quotation marks and citation omitted).

The Divorce Code requires a trial court to consider seventeen factors when determining whether to award alimony, and "the nature, amount, duration and manner of payment of alimony," including:

(1)     The relative earnings and earning capacities of the parties.
(2)     The ages and the physical, mental and emotional conditions of the parties.
(3)     The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.
(4)     The expectancies and inheritances of the parties.
(5)     The duration of the marriage.
(6)     The contribution by one party to the education, training or increased earning power of the other party.
(7)     The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.
(8)     The standard of living of the parties established during the marriage.
(9)     The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.
(10)   The relative assets and liabilities of the parties.
(11)   The property brought to the marriage by either party.
(12)   The contribution of a spouse as homemaker.
(13)   The relative needs of the parties.
(14)   The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).
(15)   The Federal, State and local tax ramifications of the alimony award.
(16)   Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed

> under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.
>
> (17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S. § 3701(b).

Wife's first argument is that the trial court failed to consider the relative liabilities of the parties in its decision regarding alimony, specifically that the Master failed to consider "the underwater marital real estate properties and the large home equity line of credit which Wife was acquiring through the equitable distribution of marital property through the divorce" Appellate Brief at 2, 7-8. We have thoroughly reviewed the certified record, Wife's Appellate Brief, the applicable law, and the well-reasoned Trial Court Opinion, and conclude that there was no abuse of discretion. The comprehensive Trial Court Opinion properly disposes of the issue and we affirm on the basis of that Opinion (concluding that Wife's argument lacks merit as the Master properly considered the required 17 alimony factors,[1] including relative assets and liabilities of the parties, and specifically considered Wife's expenses, among other evidence). *See* Trial Ct. Op., dated 9/8/15, at 2-5, 7-8.

Wife's second argument is that the trial court erred when it failed to consider her emotional condition when it denied alimony. Appellate Brief at 2. We have thoroughly reviewed the certified record, Wife's Appellate Brief,

---

[1] 23 Pa.C.S. § 3701(b).

the applicable law, and the well-reasoned Trial Court Opinion. We conclude that Wife's second issue merits no relief. The comprehensive Trial Court Opinion properly disposes of the issue and we affirm on the basis of that Opinion (concluding that Wife's argument lacked merit as she did not present any direct evidence as to her emotional condition and the Master properly considered indirect evidence including Husband's alleged affair and physical altercation with wife). *See* Trial Ct. Op., dated 9/8/15, at 2-7.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016

Kathleen E. Walters Esq

Circulated 03/22/2016 10:15 AM

RECEIVED SEP 1 4 2015

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

COLIN SANKEY,  :  No. 1219 DR 2008
 :  No. 11378 CV 2008
    Plaintiff  :
 :
    v.  :
 :
LORRAINE SANKEY,  :  DEFENDANT'S EXCEPTIONS
 :  TO DIVORCE MASTER'S REPORT
    Defendant  :  AND RECOMMENDATION


## STATEMENT PURSUANT TO Pa.R.A.P. 1925(a)


This matter comes before the Court on Defendant Lorraine Sankey's

appeal of our Order dated June 22, 2015. The facts and procedural history of the

case are briefly summarized as follows.

Plaintiff, Colin Sankey (hereinafter "Husband") and Defendant Lorraine

Sankey (hereinafter "Wife") were married on March 24, 2002 in Stroudsburg,

Pennsylvania. The parties separated in January of 2008 after an alleged lengthy

affair by the Husband, however, the parties remained in the marital home

together for several months until one night when an alleged physical altercation

occurred between the parties, and Husband thereafter moved out of the marital

residence. Husband filed a Complaint for Divorce on November 21, 2008. The

parties had no minor children at the time the Complaint was filed.

A hearing was held before Divorce Master Robert C. Lear, Esquire on

December 15, 2014. At the Master's Hearing, the parties placed on the record a

stipulation of settlement of all economic claims between Husband and Wife, with the exception of alimony. Therefore, the only issue presented to the Master for consideration was the payment of alimony by Husband to Wife.

On February 12, 2015, the Divorce Master filed his Report denying Wife's request for alimony. Wife filed exceptions to the Divorce Master's Report on March 4, 2015 raising two issues, one concerning marital real estate, and the second involving alimony. The parties thereafter entered into An Addendum to Stipulation of Counsel and Parties which resolved Wife's exception regarding marital real estate. The Addendum to Stipulation was adopted by the Court on June 2, 2015. As a result of the Addendum to Stipulation, the sole exception remaining before the Court was the issue of alimony. After the submission of briefs and oral argument, this Court entered an Order on June 22, 2015 denying Wife's Exception to the Divorce Master's determination that Wife was not entitled to alimony. Wife filed a Notice of Appeal on July 22, 2015. As directed by the Court, Wife filed a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on August 17, 2015. We now file this Opinion pursuant to Pa.R.A.P. 1925(a).

## DISCUSSION

In her 1925(b) Statement, Wife claims that the Court erred in denying her exception seeking the grant of alimony on the grounds that the Divorce Master and Court failed to properly consider the "alimony factors" pursuant to "Section

2

501(b) of the Divorce Code," namely the emotional condition of Wife and the relative assets and liabilities of the parties.

In her 1925(b) Statement, Wife cites to "Section 501(b) of the Divorce Code" as the statute setting forth the "alimony factors" to be considered in adjudicating a request for alimony. This statute, however, has been repealed for some time. The appropriate statute Wife presumably intended to cite to is 23 Pa.C.S.A. §3701, enacted in 1990. Out of judicial economy, we analyze the "alimony factors" considered by the divorce master based upon the proper statute set forth in Section 3701.

In ruling on divorce exceptions, the divorce master's report and recommendation, although only advisory, is to be given great deference. *Fiorilli v. Fiorilli*, 198 A.2d 369, 370 (Pa. Super. 1964); *Morschhauser v. Morschhauser*, 516 A.2d 10 (Pa. Super. 1986). A reviewing court has a duty to make a complete and independent review of the proceeding below. *Rollman v. Rollman*, 421 A.2d 755, 758 (Pa. Super. 1980).

In reviewing a master's considerations, however, the report should be given "fullest consideration," particularly on issues of credibility. *Kohl v. Kohl*, 564 A.2d 222 (Pa. Super. 1989). The review is intended to discover inherent improbabilities in the stories of the witnesses, inconsistencies and contradictions, bias, interest, and opposition to incontrovertible physical facts by which credibility may be ascertained. *Rollman, 421 A.2d at 758*. However, because the master is the person hearing the testimony and observing the demeanor and appearance of the witness, any issue of credibility must be resolved by giving the master's

3

findings the fullest consideration. *Rorabaugh v. Rorabaugh*, 448 A.2d 64 (Pa. Super. 1982).

Starting here

I. **Alir**

Section 3, Pennsylvania Divorce Code provides that "[w]here a divorce decree has been entered, the court may allow alimony, as it deems reasonable, to either party only if it finds that alimony is necessary." 23 Pa.C.S.A. §3701(a). In determining the nature, amount, duration and manner of payment of alimony, the court must consider all relevant factors, including those statutorily prescribed. *Isralsky v. Isralsky*, 824 A.2d 1178 (Pa.Super. 2003). Those statutorily prescribed factors that a court must consider are:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

4

(9)  The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10)  The relative assets and liabilities of the parties.

(11)  The property brought to the marriage by either party.

(12)  The contribution of a spouse as homemaker.

(13)  The relative needs of the parties.

(14)  The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under section 6102 (relating to definitions).

(15)  The Federal, State and local tax ramifications of the alimony award.

(16)  Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17)  Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. §3701(b).

"The purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." Twilla v. Twilla, 664 A.2d 1020, 1022 (Pa. Super. 1995).  Alimony "is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to

5

pay." Id. Moreover, "[a]limony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill." Id.

### A. Wife's Emotional Condition as a Factor

Wife alleges that we erred in denying her exception to the Divorce Master's Report and Recommendation because the Master failed to take into consideration Wife's emotional condition as a factor in his determination of alimony. We disagree.

Preliminarily, we note that Wife did not present any direct evidence as to her emotional condition. The record is completely devoid of any such evidence. As there is no direct evidence of Wife's emotional condition contained in the record that the Master could consider as a factor for Alimony, Wife's assignment of error is without merit.

Furthermore, despite the failure of Wife to present evidence of this issue, the Master did take into consideration Wife's allegations of marital adultery by Husband as a factor to be considered in determining Alimony. [Notes of Testimony, at pgs. 19; 33; & 51, Transcript of Proceedings before the Divorce Master, January 26, 2015 (hereinafter N.T. ___).]. The Master also heard testimony by Wife as to allegations of a physical assault and abuse by Husband. [N.T., p. 21]. Such conduct may have arguably affected Wife's emotional state. As such, we find that the Master did take into consideration indirect evidence of

6

Wife's emotional condition in rendering his recommendation to deny Wife's request for alimony.

For the above reasons, we request that the Superior Court affirm our decision denying Wife's Exception to the Report and Recommendation of the Divorce Master.

### B. The relative assets and liabilities of the Parties

Wife argues that we erred in denying her exception to the Divorce Master's Report and Recommendation because the Master failed to consider the parties' assets and liabilities in recommending Wife be denied alimony. Wife's argument lacks merit.

The Master did expressly indicate in his report that he considered the 17 "alimony factors" under Section 3701 of the Pennsylvania Divorce Code [Master's Report, pgs. 5 - 8] which includes the "relative assets and liabilities of the parties." And specifically, the Master stated that he considered the "income and expense" of the parties in determining alimony. [Master's Report, pgs. 15 and 23]. Throughout the entire proceedings, the Master heard testimony about the "relative assets and liabilities" of both Wife and Husband. [N.T., pgs. 5 thru 55]. The Master expressly considered the past; present and expected future earnings and employment of Wife and Husband [Master's Report, pgs. 4-5; 7-8; N.T.]; the current standard of living of Wife [Master's Report, p. 7]; the tax returns of Wife and Husband for the relevant years [Master's Report, pg.5]; and Wife's expenses [Master's Report, pgs. 7-8].

7

It is clear from the record that the Master did in fact consider the relative "assets and liabilities" of Wife and Husband in making his determination of alimony. Thus, we do not find that we erred in denying Wife's Exception to the Report and Recommendation of the Divorce Master. We respectfully request the Superior Court affirm our decision.

BY THE COURT:

JENNIFER HARLACHER SIBUM, J.

Dated: September 8, 2015

cc: Kimberly A. Fedrigon, Esq.
Kathleen E. Walters, Esq.
Robert C. Lear, Esquire, Master

PROTHONOTARY
2015 SEP 9 PM 12 54
MONROE COUNTY, PA

8